Filed Feb. 14, 1885.

---

No. 11,536.

ELWOOD *v.* BEYMER ET AL.

FORMER ADJUDICATION.—*Sufficiency of Answer.* — *Partition.* — *Demurrer.*— Where a defendant, in an action for the partition of land, files a cross complaint setting up certain equitable liens on the land for improvements made, taxes paid and interest thereon, an answer, stating in substance that the matters alleged in such cross complaint were or might have been litigated in a former suit for the partition of the same land, between substantially the same parties, claiming respectively the same shares by the same title as in the pending action, is good on demurrer as an answer of former adjudication, in bar of such action.

From the Grant Circuit Court.

*J. A. Kersey* and *L. D. Baldwin,* for appellant.

*B. G. Shinn, J. Noonan* and *H. Brownlee,* for appellees.

HOWK, J.—The appellees, Catharine and Sealy Beymer, commenced this suit against the appellant, Vashti Elwood, and Jane and John Boxell, and one Trelawney Camblin, who is named as one of the appellees in this court, to obtain the partition of certain real estate, particularly described, in Grant county. In her complaint the appellee Catharine Beymer alleged that she and the defendants to her suit were the owners of such real estate, as the widow and heirs at law of one Thomas G. Elwood, deceased, who died in or about the year 1861, seized in fee of the real estate in controversy herein, and, also, of another described parcel of land in Grant county;

that, at his death, Thomas G. Elwood left the appellant, Vashti Elwood, as his widow, and Jane Boxell, George W., David R., Newton, John, Eugene and Phœbe C. Elwood, his children, as his only heirs at law ; that afterwards Eugene Elwood died intestate, and without issue, and thereupon the real estate descended and became vested as follows : An undivided one-third in appellant Vashti, and an undivided one-ninth each in Jane Boxell, George W., David R., Newton, John and Phœbe C. Elwood ; that George W. Elwood died intestate in 1863, leaving the appellee Catharine Beymer as his widow and sole heir at law, and to whom his entire interest in such real estate descended, as his whole estate, real and personal, was of less value than one thousand dollars; that afterwards David R. Elwood purchased and became the owner of the shares of Newton and John Elwood in such real estate, and then had his entire interest in the land, being then the undivided one-third part thereof, set off to him in severalty, in a partition suit instituted by him in the court below, at its September term, 1878; that thereupon the residue of the real estate, now in controversy, vested as follows : An undivided one-half part in the appellant Vashti Elwood, and an undivided one-sixth part each in Jane Boxell, appellee Catharine Beymer, and Phœbe C., who afterwards married the appellee Trelawney Camblin, and died, leaving him, Trelawney, as her surviving husband and sole heir at law, to whom her interest in such real estate descended. Wherefore the appellee Catharine Beymer prayed for partition, etc.

The cause was put at issue and tried by the court, and a finding was made, in substance, as follows : 1. Appellant, Vashti Elwood, for improvements made and taxes paid on the real estate in controversy, was entitled to have $168.12 in value thereof set off to her, and was then entitled to have two-thirds of the residue of the real estate also set off to her. 2. Appellees Catharine Beymer and Trelawney Camblin were each entitled to the one-sixth part of such residue of the real estate. The commissioners appointed to make such partition.

reported to the court that the real estate could not be divided without damage to the owners. Thereupon it was ordered and adjudged that the land be sold, and a commissioner was appointed by the court to make such sale. Appellant's motion for a new trial having been overruled, she has appealed to this court.

In their brief of this cause the appellant's counsel say: " The principal errors relied upon for the reversal of the judgment are the overruling of appellant's demurrer to appellees' answer to her cross complaint, and the overruling of her motion for a new trial." These are the only alleged errors of which mention is made in their brief, and the only errors which we find it necessary to notice in this opinion.

In her cross complaint the appellant stated the ownership of the real estate by her deceased husband, Thomas G. Elwood, and the descent and inheritance thereof, substantially as the same are alleged in appellees' complaint. She then alleged that at the death of her husband, in 1861, the real estate was not worth more than $1,500, and his personal estate did not exceed $300 in value, and he was indebted in the sum of $300; that there was never any administration upon his estate, but appellant paid the indebtedness of his estate out of her own means; that after deducting such indebtedness and appellant's one-third interest, the value of the share of each of the surviving children, in his entire estate, was $150; that George W. Elwood, the deceased husband of the appellee Catharine Beymer, through whom she claimed title in her complaint, received from his father, Thomas G. Elwood, by way of an advancement in 1860, one horse worth $75; that he and appellee Catharine, then his wife, became indebted to the appellant in the sum of $237; and that after the death of George W. Elwood appellee Catharine became indebted to appellant in the sum of $425, bills of particulars of each of which sums were filed with the cross complaint. Appellant also alleged that her daughter, Phœbe C. Camblin, through whom appellee Trelawney Camblin claimed title to one-sixth

of the real estate, became indebted to appellant in the sum of $380 before her marriage to Trelawney, and in the further sum of $65 after such marriage, of which sums bills of particulars were filed with the cross complaint. Appellant further averred that the indebtedness of George W. Elwood and appellee Catharine, as aforesaid, was incurred by them more than twenty years before the commencement of this suit, and was largely in excess of the value of the share which appellee Catharine claimed in the real estate; and that for more than twenty years the appellant held and owned the share of George W. Elwood in the real estate, adversely to him while he lived, and to the appellee Catharine as his heir, since his death; that by reason of the indebtedness as aforesaid of the appellee Catharine, and of Phœbe C. and Trelawney Camblin, the appellant had and held good and valid equitable liens on any and all interest of the appellee Catharine and of the appellee Trelawney in the real estate in controversy; and that appellant then held possession of such real estate by virtue of the liens aforesaid, in addition to her claim by twenty years' possession, and that she ought to have her said claims out of any interest the appellees Catharine and Trelawney, or either of them, might have in such real estate.   Wherefore, etc.

In an additional paragraph of cross complaint the appellant alleged that for more than twenty years prior to the commencement of this suit, she and Jane Boxell had and held open, notorious and uninterrupted possession of the real estate in controversy, claiming title thereto, to the entire exclusion of and adversely to the appellees; that they had no right to, nor interest in, such real estate, and that their pretended claim for partition was a cloud upon appellant's title. Wherefore, etc.

The appellees Catharine Beymer and Trelawney Camblin jointly answered appellant's cross complaint, and said that at the September term, 1878, of the court below, David R. Elwood filed his complaint against appellant, Vashti Elwood, Jane and John Boxell, appellees Catharine and Sealy Bey-

mer and Phœbe C. Elwood, for the partition of eighty acres of land, of which the real estate now in controversy was a part; that, in his complaint, David R. Elwood alleged that he was the owner of one-third in value, appellant Vashti was the owner of one-third in value, and that Jane Boxell, appellee Catharine and Phœbe C. Elwood were each the owner of one-ninth in value of the eighty acres of land; that the court below had competent jurisdiction of the persons of the parties to, and of the subject-matter of, such action; and that said David R. Elwood asked that his share of the eighty acres of land be set off to him in severalty; that such cause coming on for trial, it was agreed in writing by the parties to the suit, and found and adjudged by the court, that David R. Elwood and appellant were each the owner of one-third, and Jane Boxell, Catharine Beymer and Phœbe C. Elwood were each the owner of one-ninth of the eighty acres of land, and that the share of David R. Elwood be set off to him in severalty; and that commissioners were duly appointed to make such partition, which they did and made report thereof to the court, and such report was approved and confirmed by the court; that such judgment of partition had never been appealed from, but remained in full force and effect.

And the appellees averred that, by the terms of such judgment, appellant Vashti was adjudged to be the owner of one-half, and the appellee Catharine and Phœbe C. Elwood were each adjudged to be the owner of one-sixth of the real estate now in controversy; that since the rendition of such judgment, Phœbe C. Elwood had intermarried with appellee Trelawney Camblin, and had died without issue, leaving Trelawney her only heir, her interest in such real estate being of less value than $1,000; wherefore the appellees said that all matters of improvements, taxes paid and interest upon such real estate, prior to the commencement of that suit, had been fully determined and adjudicated; that appellant Vashti had acquired no title to nor interest in such real estate since the rendition of such judgment; and that the ap-

Elwood *v.* Beymer *et al.*

pellees, and those under whom they claim, were each adjudged to be the owner of an undivided one-sixth part of such real estate, and that they still owned such interest therein.

It is earnestly insisted on behalf of the appellant, that the trial court erred in overruling her demurrer to this answer to her cross complaint, and this ruling of the court presents for our decision the controlling question in this case. Is the answer good as a plea of former adjudication? Does it show that the matters stated by appellant in her cross complaint were or might have been litigated in the former suit for the partition of the same land, between substantially the same parties, claiming respectively the same shares by the same title, as in the case in hand? Under the decisions of this court, from its earliest organization down, there would seem to be but one answer to the first of these questions, and this, for the reason suggested in the second question, namely, that matters pleaded by appellant, in her cross complaint, might have been litigated in the former suit mentioned in appellees' answer. Sixty years ago, in *Fischli* v. *Fischli*, 1 Blackf. 360, this court said: "Whenever a matter is adjudicated, and finally determined by a competent tribunal, it is considered as forever at rest. This is the principle upon which the repose of society materially depends; and it therefore prevails, with a very few exceptions, throughout the civilized world. This principle not only embraces what actually was determined, but also extends to every other matter which the parties might have litigated in the case." The doctrine of the case cited, upon the point now under consideration, is the recognized law of this State, and has been approved and followed, without doubt or question, in many of the more recent decisions of this court. *Richardson* v. *Jones*, 58 Ind. 240; *Kramer* v. *Matthews*, 68 Ind. 172; *Green* v. *Glynn*, 71 Ind. 336; *Sauer* v. *Twining*, 81 Ind. 366; *Ulrich* v. *Drischell*, 88 Ind. 354; *State, ex rel.,* v. *Krug*, 94 Ind. 366; *Farrar* v. *Clark*, 97 Ind. 447.

Appellant's counsel concede, in argument, that the rule in

this State is as we have stated it, and as it has been so long and so often declared to be, but they claim that the rule is not applicable to the case in hand, because the parties to this record were all defendants, and therefore not, as to each other, adversary parties in the former suit. It is none the less true, however, that the appellant might have filed her cross complaint in the former suit, and might then have litigated every matter which she seeks, by her cross complaint in this case, to litigate with the appellees. *Crane* v. *Kimmer*, 77 Ind. 215. Our conclusion is that the appellees' answer of the former adjudication was a good defence to appellant's cross complaint, and that her demurrer to such answer was correctly overruled.

The error assigned by appellant, upon the overruling of her motion for a new trial, presents questions in relation to the sufficiency of the evidence to sustain the finding, and the amount allowed appellant for improvements made and taxes paid by her, which she claims was too small. We can not disturb the finding of the court, as to either of these matters, upon the evidence.

The judgment is affirmed, with costs.

Filed Feb. 24, 1885.