Carrico *et al. v.* Tarwater.

Filed Sept. 19, 1885.

No. 12,383.

CARRICO ET AL. *v.* TARWATER.

JUDGMENT.—*Non-Resident.—Notice by Publication.—Defective Affidavit.—Review.—Appeal.*—Where a judgment has been rendered upon notice by publication, founded on an insufficient affidavit, the remedy of a party to such judgment is by a complaint for review or by appeal.

SAME.—*Former Adjudication.—Evidence.*—In a subsequent suit covering the same subject-matter and between the same parties, the record of such judgment is competent evidence for the purpose of showing a former adjudication of the matter in controversy.

From the Sullivan Circuit Court.

*C. E. Barrett, W. S. Maple* and *R. V. Railsback,* for appellants. *J. M. Humphreys* and *T. J. Wolfe,* for appellee.

HOWK, J.—This was a suit by the appellants against the appellee to obtain the partition of certain real estate in Sullivan county, whereof they alleged that they were the owners in fee simple of the undivided one-half in value, and that appellee was the like owner of the residue. Issue was joined by appellee's answer in denial of the complaint, and the trial of the cause by the court resulted in a finding for the appellee, the defendant below. Over the appellants' motion for a

new trial, judgment was rendered against them for appellee's costs, and denying the prayer of their complaint.

The overruling of their motion for a new trial is the only error of which the appellants complain in this court.

On the trial of this cause, the appellee offered in evidence the record and files of the court below, at its December term, 1867, in a former suit between the parties to this action for the partition of the real estate now in controversy, and other lands, in which former suit the appellee, Tarwater, was plaintiff and the appellants herein were defendants, for the purpose of proving a former adjudication of the matters in issue in the pending suit. Over the objections and exceptions of the appellants, this offered evidence was admitted by the court, and the rulings of the court, in the admission of such evidence, were assigned, as errors of law, as causes for a new trial. The first objections urged by the appellants' counsel, in argument, to the admission of the record of the former partition, are, that " there was no valid or legal service upon defendants, and because the court had no jurisdiction over the persons of the defendants in such partition proceedings." It is shown by the record in the former suit, that a summons, issued thereon on November 8th, 1867, was returned by the sheriff of Sullivan county, " Served November 15th, 1867, by reading to Thomas Carrico in person." As to the other appellants, defendants in the former suit, the record given in evidence shows that due proof was made to the court, " that the pendency of this cause has been duly advertised by publication in the *Sullivan Democrat*, a weekly newspaper of general circulation, printed and published in Sullivan county, for three weeks successively, for more than thirty days prior to the first day of the present term of this court as against the non-resident defendants."

No objection has been pointed out, and we can see none, to the summons or the service thereof in the former suit on the appellant Thomas Carrico. As against him, therefore, the record objected to was clearly competent evidence, and,

as such, there was certainly no error in the admission of such record in evidence, over the joint objections of all the appellants, Thomas Carrico included.   The appellants jointly objected to the admission of the record of the former suit in evidence, "because the affidavit for publication," as against the non-resident defendants therein, "was null and void." This is the objection to the admission of the record in evidence, which the appellants insist the trial court ought to have sustained.   In overruling this objection, it is claimed that the court below erred, and it is for this error alone that the appellants ask for the reversal of the judgment below, in the pending suit.

Conceding, without deciding, that the joint objection of the appellants and the ruling of the court thereon present the error, of which they complain, we will consider the sufficiency of the grounds whereon they ask for the reversal of the judgment.   The affidavit for notice by publication, as to the non-resident defendants in the former suit, stated merely that the defendants in such suit were all non-residents of the State of Indiana.   It is certain that this affidavit does not comply even substantially with the requirements of section 38 of the civil code of 1852 (2 R. S. 1876, p. 49), in force at the commencement and during the pendency of the former suit.   But it is equally certain that such affidavit does comply, not alone substantially, but almost literally, with the provisions of section 3 of the act of May 20th, 1852, "concerning the partition of lands" (2 R. S. 1876, p. 344), also in force at the commencement and during the pendency of such former suit.   It may be said, however, that section 38 of the civil code of 1852 was a later expression of the legislative will concerning the requisites of an affidavit for publication than section 3 of the partition act of May 20th, 1852, and that such an affidavit must, therefore, in all civil actions, conform to the requirements of the later law.   If this were so (a point which we need not and do not decide), the most that can be said is that the affi-

Carrico *et al. v.* Tarwater.

davit for publication in the former suit was defective and insufficient, and did not authorize the publication of notice to the non-resident defendants.    In that event, it was error for the court to decide, as it did in the former suit, that notice of its pendency had been duly given by publication to the non-resident defendants therein.    *Fontaine* v. *Houston*, 58 Ind. 316.  But, for such an error, the remedy of a party to the judgment in such former suit is a complaint for review or an appeal to this court, brought within the time and in the manner prescribed by law.    *Dowell* v. *Lahr*, 97 Ind. 146.

In the former suit, the court below had jurisdiction of the subject-matter of the action ; it acquired jurisdiction of the person of Thomas Carrico, one of the defendants in that suit and a plaintiff and appellant in the case at bar, by the personal service of a summons on him ; and it decided, as it had to decide before it could proceed with the trial or hearing of such suit, that it had acquired jurisdiction of the other and non-resident defendants therein by the due publication of notice of the pendency thereof.    No appeal was ever taken from the judgment and decision of the court in the former suit, nor was any complaint ever filed for the review thereof. But such judgment and decision have remained, and still remain, in full force, and have never been reversed, annulled or set aside.    Sixteen years after such judgment and decision were made and rendered, the plaintiffs and appellants in the pending suit, ignoring, or attempting to ignore, the former partition, instituted this action to obtain a further partition of the land then set off and assigned to the appellee in severalty.    Since the former judgment and decision, there has been no substantial change in the titles of the parties to the litigation, nor in the interests they claim in the land in controversy.    We conclude, therefore, that the record of the former suit was competent evidence and properly admitted over appellants' objections, and that such record showed such a former adjudication of the matters in controversy as con-

stituted a complete bar of the pending action.  *Elwood* v.
*Beymer,* 100 Ind. 504.

We have found no error in the record of this cause.

The judgment is affirmed, with costs.

