Watson *et al. v.* Camper.

°No. 13,699.

## WATSON ET AL. *v.* CAMPER.

MORTGAGE.— *Married Woman.* — *Consideration.* — *Judgment.*— *Estoppel.*— Where a mortgage,-executed by a married woman upon her separate land to secure her husband's debt, is foreclosed in a proceeding to which she is a party, and the land ordered sold, she can not afterwards, in a collateral proceeding, question the consideration upon which the mortgage rested.

PARTITION.—*Title.*—*Estoppel.*—Ordinarily the title to land is not in issue in a suit for partition, but the pleadings may be so drawn as to put it in issue; and where the plaintiff sets out his title at length, and the manner in which he acquired it, and the quantity claimed is set off to him by the court, the defendants are estopped by the decree to afterwards assert any interest therein.

From the Shelby Circuit Court.

*E. P. Ferris, W. W. Spencer* and *J. S. Ferris,* for appellants.

*B. F. Love, A. Major* and *H. C. Morrison,* for appellee.

COFFEY, J.—This was a suit, brought in the Shelby Circuit Court, by the appellants against the appellee to recover possession of and to quiet title to the land described in the complaint. The cause was, by proper pleadings, put at issue, and tried by the court without the intervention of a jury. At the request of the appellants the court made a special finding of the facts in the cause and stated its conclusions of law thereon. The special findings of facts, so far as they are material to the controversy here, are substantially as follows:

1. Jehu Rigsbee died, intestate, on the 19th day of July, 1871, the owner in fee of the northeast quarter of the northwest quarter of section 33, township 14 north, range 8 east, in Shelby county, Indiana, leaving as his only heirs his widow, Rachel Rigsbee, and the following children, viz., Lydia Watson, wife of Clayborn B. Watson, Eunice Watson, wife of Allen H. Watson, Mariah Moore, widow of

Watson *et al. v.* Camper.

William Moore, deceased, and Andrew J. Rigsbee, to whom said land descended, one-third to the widow and the remaining two-thirds to said children in equal proportions.

2. On August 12th, 1871, Mariah Moore deeded all her interest in said land to the said Eunice Watson.

3. On the 15th day of September, 1873, the said Andrew J. Rigsbee sold and conveyed his interest in said land to Clayborn B. Watson for $400, $200 cash, one note for $100, due fifteen months after date, and one note for $100, due twenty-seven months after date.

4. On the 18th day of April, 1878, said Rachel Rigsbee conveyed to Lydia Watson one-half of her interest in said land, and on the same day she conveyed her other half interest to Eunice Watson. On the 1st day of April, 1885, Eunice Watson conveyed to the said Lydia Watson her interest in the north half of said land, and said Lydia Watson conveyed to the said Eunice her interest in the south half of the same.

5. On the 13th day of March, 1874, said Clayborn B. Watson and the said Lydia Watson executed to said Andrew J. Rigsbee a mortgage on the undivided one-fourth of said land to secure the payment of the two notes heretofore named. Both of said notes were afterwards assigned to Philip L. Burtch.

6. On the 12th day of May, 1874, the said Clayborn B. Watson and Lydia Watson executed to James W. Trees & Co. their note for $195.93, and a mortgage upon the undivided one-fourth of said land to secure the same, in which it was recited that the said Lydia and Clayborn B. Watson were the heirs at law of Jehu Rigsbee, deceased.

7. On the 13th day of February, 1877, said Philip L. Burtch commenced his action against the said Clayborn B. and Lydia Watson to foreclose the mortgage given to secure the notes assigned to him. Process was duly served therein, and on the 5th day of March, 1877, he recovered judgment on said notes against the said Clayborn B. Watson for $257.81,

and a decree foreclosing said mortgage against all of said defendants. On the 10th day of May, 1877, said Burtch bid in said land, at a sheriff's sale on a certified copy of said decree, for the sum of $310.10, paid his bid, and took a sheriff's certificate of sale for the same, and on the 28th day of May, 1878, took a sheriff's deed for the undivided one-fourth of said land.

8. On the 15th day of January, 1878, said James W. Trees & Co. filed their complaint in the Shelby Circuit Court against Clayborn B. Watson, Lydia Watson and Philip L. Burtch to foreclose their said mortgage, and to obtain judgment on their said note. The defendants were all duly served with process. In said complaint it was recited that the interest mortgaged to them was the undivided one-fourth of said land, which descended to said Lydia Watson as one of the four children of Jehu Rigsbee, deceased, and that Philip L. Burtch, on the 5th day of March, 1877, had recovered a judgment for the sum of $257.81 in the Shelby Circuit Court, and for the foreclosure of a mortgage on the undivided one-fourth part of said forty-acre tract of land; that the mortgage so foreclosed by said Burtch was executed by Clayborn B. Watson and Lydia Watson to Andrew J. Rigsbee, said Andrew J. Rigsbee being one of the four children of Jehu Rigsbee, deceased; that said mortgage was executed to secure the unpaid purchase-money of the interest of the said Andrew J. Rigsbee in said land conveyed by him to the said Clayborn B. Watson; that said mortgage was on another and different interest from that conveyed and mortgaged to the said plaintiffs. Philip L. Burtch appeared to said action, and filed an answer admitting the allegations in the complaint. The said Lydia Watson and Clayborn B. Watson made default. On the trial of the cause the court found the allegations in the complaint to be true, and that the interest covered by the mortgage held by the said Burtch was on a different interest from the one covered by the mortgage held by the plaintiffs, and the court rendered judgment for the plaintiffs for the sum

of $209.40, and entered a decree of foreclosure. On the 18th day of May, 1878, James W. Trees became the purchaser of said interest at a sheriff's sale on a certified copy of said decree, and on the 20th day of May, 1879, he procured a sheriff's deed therefor.

9. On the 18th day of March, 1879, Philip L. Burtch commenced a partition suit in the Shelby Circuit Court against Lydia Watson, Clayborn B. Watson, Eunice Watson, Allen Watson and Rachel Rigsbee, who were all duly served with process. The complaint recites the fact of ownership of the real estate by Jehu Rigsbee, and the names of the widow and children and their respective interests in said land by descent, the conveyance above named, and then avers that they (Lydia and Clayborn B. Watson), to wit, on the 13th day of March, 1874, and while they together owned one-third of said real estate, executed to Andrew J. Rigsbee their certain mortgage to secure the promissory notes of said Clayborn Watson for $200, in and by which they mortgaged to said Rigsbee the undivided one-fourth part of said real estate ; that said notes had been assigned to plaintiff, the mortgage foreclosed, and that he had purchased said land at sheriff's sale and had procured a deed therefor; that he was the owner of one-fourth in value of said land ; that Eunice owned one-third in value, Rachel Rigsbee one-third in value, and Lydia Watson one-twelfth in value. The court found that the material allegations in the complaint were true, and ordered partition as prayed. The commissioners appointed by the court set off to the said Burtch ten acres in a square form in the northwest corner of said forty-acre tract, which was confirmed by the judgment of the court. There has been no change in the title of the parties since said partition.

10. On the 31st day of December, 1880, said Burtch conveyed said ten acres to Samuel Douthit, and on the 17th day of January, 1881, Samuel Douthit conveyed the same to the appellee, William H. Camper.

11. In said partition suit the title to said land was not put in issue except as above stated.

12. The appellant Lydia Watson joined in the said mortgage to Andrew J. Rigsbee and was a party to the foreclosure suit by the said Burtch to foreclose the same, but no consideration therefor passed to her.

Upon these facts the court stated as conclusions of law:

1st. That in the foreclosure suit of James W. Trees &. Co. against Clayborn B. Watson, Lydia Watson and Philip L. Burtch, the mortgage in that case was upon the interest of Lydia Watson that descended to her from her father, and no other and different interest, and was so foreclosed against all the defendants, and the interest claimed by Burtch was a different interest, and the same was fully determined by the decree of the Shelby Circuit Court on the 8th day of May, 1878, and that decree binds Philip L. Burtch and the persons to whom he conveyed the land after that date, including the defendant, William H. Camper.

2d. That the defendant, William H. Camper, is the owner in fee simple and the plaintiff should not have partition thereof nor her title quieted or maintained.

3d. That in the partition suit of Philip L. Burtch the same parties can not again have partition of the same lands when no change has taken place in their titles.

4th. That Lydia Watson was estopped by joining with her husband in the mortgage to Andrew J. Rigsbee, made May 12th, 1874, as stated in the sixth finding above, she having mortgaged a part of her own land.

5th. Upon these findings I find for the defendant.

The appellants excepted to each of these conclusions of law. Several errors are assigned, but the only one which we deem it necessary to consider is the one calling in question the correctness of the conclusions of law stated upon the facts as found.

It is first urged by the appellants that so much of the mortgage executed by the appellants to Andrew J. Rigsbee

as covers a part of the land of Lydia Watson, is, as to her, without consideration, and can not be enforced.

We do not think that question is now open to inquiry. The Shelby Circuit Court having entered a decree, in a suit to foreclose that mortgage, to which the appellants were parties, ordering one-fourth of the forty-acre tract of land of which Jehu Rigsbee died seized sold to pay the notes executed to Andrew J. Rigsbee, we think it too late to question the consideration upon which the mortgage rested. That decree can not be questioned in a collateral proceeding like this. *Carrico* v. *Tarwater*, 103 Ind. 86 ; *Elwood* v. *Beymer*, 100 Ind. 504; *Landers* v. *Douglas*, 46 Ind. 522; *McCaffrey* v. *Corrigan*, 49 Ind. 175 ; *Bates* v. *Spooner*, 45 Ind. 489 ; *State, ex rel.*, v. *Manly*, 15 Ind. 8 ; *Perkins* v. *Bragg*, 29 Ind. 507.

It is also contended that in the partition suit prosecuted by Philip L. Burtch, the title to the land in dispute was not in issue, and that, therefore, the appellants are not precluded by the decree rendered therein.

It is true that ordinarily in a partition suit the title to the land sought to be partitioned is not, strictly speaking, in issue. Yet it must be conceded that the pleadings may be so drawn as to place the title in issue. In this case, Burtch, in his complaint, set out at full length his title to the undivided one-fourth of the forty-acre tract of land owned by Jehu Rigsbee at the time of his death, and the manner in which he, Burtch, had acquired it. The court found the allegations of his complaint true, and ordered set off to him, as against the appellants, one-fourth of said land, which was done. If the appellants may now say, while that decree remains in full force, that they are entitled to any portion of the land so set off to him, then there is nothing to be attained by a suit for partition. We think that appellants are estopped by the decree rendered in that suit from claiming any interest in the land set off to Philip L. Burtch. *Carrico* v. *Tarwater*, 103 Ind. 86 ; *Elwood* v. *Beymer*, 100 Ind. 504; *Mc-*

*Mahan* v. *Newcomer,* 82 Ind. 565; *Spencer* v. *McGonagle,* 107 Ind. 410.

As the appellants are estopped from claiming any interest in the ten acres of land set off to Philip L. Burtch, it follows that the court did not err in its conclusion of law that they were not entitled to recover in this action.    There is no error in the record for which the judgment below should be reversed.

Judgment affirmed.

Filed May 9, 1889.