Powers *v.* Nesbit *et al.*

---

No. 14,859.

POWERS *v.* NESBIT ET AL.

HUSBAND AND WIFE.—*Bankruptcy.*— *Wife's Inchoate Interest.*—Where the land of a bankrupt was sold under an order made in the bankruptcy pro-ceeding in 1878, the wife became the owner at the time of the sale of an absolute interest in the land.

SAME.—*Estoppel.*—Under the then existing laws a married woman could not lose title by estoppel in the lands of her husband.

PARTITION.—*Title in Issue.*—*New Trial as of Right.*—Where title is put in is-sue, in a partition proceeding, and there is an adjudication upon it, a new trial as of right is demandable.

From the Grant Circuit Court.

*H. Brownlee* and *W. H. Carroll,* for appellant.

*G. W. Harvey* and *H. J. Paulus,* for appellees.

ELLIOTT, J.—The appellees, in their complaint, assert title in fee simple to the land in dispute, and specifically set

forth the nature of their title. The title which they assert is claimed through Elizabeth Rodgers, deceased, who was the wife of John R. Rodgers. The husband was adjudged a bankrupt, and the property was sold under an order made in the bankruptcy proceedings, on the first day of February, 1878.

It may be said, as well at the outset as elsewhere, that, upon the sale under the order in bankruptcy, the title of the ancestor of the appellees became vested. *Elliott* v. *Cale*, 113 Ind. 383 (393), and cases cited; *Ketchum* v. *Schicketanz*, 73 Ind. 137. The wife of the bankrupt, therefore, became the owner of an absolute estate in the land in the year 1878.

The counter-claim of the appellant alleges facts which, it is probable, would constitute an estoppel against one not under legal disability, but which can not be deemed to create an estoppel against a married woman under the law in force when the acts asserted as an estoppel were performed. It has been so often decided that a married woman could not lose title by estoppel in the lands of her husband, under the former laws, that it is almost unnecessary to cite authorities. *Wilhite* v. *Hamrick*, 92 Ind. 594; *City of Indianapolis* v. *Patterson*, 112 Ind. 344. There was no error in sustaining appellees' demurrer to the appellant's counter-claim.

A motion for a new trial, as of right, was filed by the appellant and denied by the court. Upon this ruling is presented the only question of difficulty that arises in the case. It is well settled that the title to real estate is not ordinarily in issue in proceedings for partition. *Davis* v. *Lennen*, 125 Ind. 185, and cases cited. Whatever else may be said of the soundness of many of these decisions, it must be said that it is our duty to adhere to them, as the rule they declare has become a rule of property. But, while the rule stated is a settled one, it is equally well settled that title may be put in issue in partition proceedings. *Isbell* v. *Stewart*, 125 Ind. 112; *McMahan* v. *Newcomer*, 82 Ind. 565 and cases cited; *Luntz* v. *Greve*, 102 Ind. 173; *Thorp* v. *Hanes*, 107 Ind.

324; *Spencer* v. *McGonagle*, 107 Ind. 410; *Woolery* v. *Grayson*, 110 Ind. 149; *Watson* v. *Camper*, 119 Ind. 60; *L'Hommedieu* v. *Cincinnati, etc., R. W. Co.*, 120 Ind. 435. It seems quite clear that the complaint asserts title, for it not only alleges that the appellees are the owners in fee, but it also specifically states facts showing that such is the nature of their title. This was certainly an assertion of title and a challenge to the appellant to join issue upon that question. *Dumont* v. *Dufore*, 27 Ind. 263; *Indiana, etc., R. W. Co.* v. *Allen*, 113 Ind. 581; *Rogers* v. *Beach*, 115 Ind. 413; *Bisel* v. *Tucker*, 121 Ind. 249, and cases cited. The appellant accepted the issue tendered, and the court decreed that the appellees were the owners in fee, so that there was an issue as to the title and an adjudication upon that issue. The case is, for the reasons stated, not an ordinary one for the partition of lands; if it were, a new trial, as of right, would not be demandable. *Fralich* v. *Moore*, 123 Ind. 75 (77), and cases cited; *Gullett* v. *Miller*, 106 Ind. 75. Assuming, upon the strength of what has been said, that title was in issue and that there was an adjudication upon it, the resulting question is, does the fact that in addition to the settlement of the issue of title the right to partition was also asked, preclude the appellant from successfully asking a new trial as of right? Our judgment is that this fact does not destroy his right to a new trial under the statute. We do no more than give effect to our decisions in holding that where title is directly and actually a principal issue in the case a new trial, as of right, must be awarded. *Kreitline* v. *Franz*, 106 Ind. 359; *Hammann* v. *Mink*, 99 Ind. 279; *Cooter* v. *Baston*, 89 Ind. 185; *Physio-Medical College* v. *Wilkinson*, 89 Ind. 23. The trial court erred in overruling the motion for a new trial as of right.

We have not found it necessary to examine the point made by the appellee that there is no bill of exceptions. Under the decisions in *Physio-Medical College* v. *Wilkinson*,

*supra*; *Cox* v. *Dill*, 85 Ind. 334; *Stout* v. *Duncan*, 87 Ind. 383, and *Stanley* v. *Holliday*, 113 Ind. 525, no bill of exceptions was necessary as the motion was made in term time.

Judgment reversed.

Filed March 31, 1891.