## PLANK ET AL. *v.* HINKLE ET AL.

[No. 10,162.   Filed December 17, 1919.   Rehearing denied April
  23, 1920.   Transfer denied October.15, 1920.]

1.  PARTITION.—*Issues.—Title.—Presumption.*—Generally title to
    real estate is not in issue in partition proceedings and a pre-
    sumption to that effect ordinarily exists.   p. 672.

2.  PARTITION.— *Issues.— Title.— Conclusiveness of Judgment.*—
    Title may be put in issue in partition proceedings by appro-
    priate pleadings, and, when this is done, the decree is as con-
    clusive as in any other action.   p. 672.

3.  PARTITION.—*Issues.—Title.—Pleadings.—Statutes.*—In an ac-
    tion for partition by an intestate's childless second wife, a
    complaint alleging only her interest in intestate's real estate
    as fixed by §§2483, 2487 R. S. 1881, providing that one-
    third of an intestate's realty shall descend to his widow in fee
    simple, but that, if the widow is a second childless wife, the
    land she takes by descent shall, on her death, descend to such
    intestate's children, and answers of general denial, did not put
    the title to the real estate involved in issue.   p. 672.

4.  PARTITION.—*Issues.—Title.*—Plaintiff in a partition proceed-
    ing, by moving to have the first submission of the cause, re-
    port of commissioners and interlocutory decree set aside on
    the ground that the commissioner's report to make partition
    did not fairly state plaintiff's title, etc., did not put the title
    to the real estate involved in issue, the only purpose accom-
    plished by the motion being to have the cause resubmitted on
    the issues formed by the pleadings.   p. 674.

5.  JUDGMENT.—*Decree in Partition Proceeding.—Effect in De-
    termining Title.*—The fact that the first decree in a partition
    proceeding recited that plaintiff's interest in the realty parti-
    tioned "was subject to forced inheritance as provided by law,"
    and the second and final decree, prepared by the opposing at-
    torneys and submitted to the court, omitted such qualification
    as to plaintiff's interest, was not an adjudication against any
    of the parties as to their contingent right of forced inher-
    itance, since the reference to such right in the first decree was
    mere surplusage, and added nothing the law did not imply
    under the facts.   p. 675.

6.  JUDGMENT. — *Decree. — Construction.* — Where the pleadings
    and decree in a partition proceeding are free from ambiguity,
    they must be interpreted according to the clear meaning of the
    language used.   p. 676.

7.  DESCENT AND DISTRIBUTION.—*Decree in Partition by Agree-
    ment.—Statutory Estoppel.*—A decree prepared by agreement

in a partition proceeding between an intestate's childless second wife and children by intestate's first marriage does not estop such children, under §3024 Burns 1914, Acts 1913 p. 367, from asserting an interest in the land involved in the partition proceeding, the estoppel provided for by the statute only arising where the childless second wife of a deceased husband, and the children of such husband by a former wife, or their guardian, have attempted to dispose of the real estate left by such deceased husband by conveyance. p. 676.

From Carroll Circuit Court; *James P. Wason,* Judge.

Action by Minta R. Hinkle and others against James R. Plank and others. From a judgment for plaintiffs, the defendants appeal. *Affirmed.*

*C. R. Pollard* and *Long, Yarlott & Souder,* for appellants.

*Rabb, Mahoney & Fansler, W. A. Roach* and *Hanna & Hall,* for appellees.

BATMAN, J.—This action was instituted by appellees Minta R. Hinkle and Albert A. Newer, guardian of Lela Irwin and Marie Irwin, against appellants to partition certain real estate. The complaint is in the usual form for such a proceeding, alleging that appellant James R. Plank is the owner of an undivided three-fifths of said real estate; that appellee Minta R. Hinkle is the owner of an undivided one-fifth thereof; and that Lela Irwin and Marie Irwin are each the owner of an undivided one-tenth thereof. Appellant James R. Plank filed a cross-complaint in two paragraphs against appellees and his coappellant, alleging that he is the sole owner of the real estate described in the complaint, and asking that his title thereto be quieted. Issues were duly joined on both the complaint and cross-complaint. The cause was tried without the intervention of a jury, and on request the court made a special finding of facts and stated its conclusions of law thereon. From the special finding of facts it appears that William Plank, father of ap-

pellant James R. Plank, and grandfather of appellees
Minta R. Hinkle, Lela Irwin and Marie Irwin, died in-
testate in Carroll county, Indiana, in the year 1890; that
at the time of his death he owned the land in question
and another tract of eighty acres near by; that he left
as his sole heirs at law his widow, Jemima Plank, who
was a childless second wife, and five children, viz., ap-
pellant James R. Plank, Ella Irwin, Frances I. Hinkle,.
Jennie Landis and William H. Plank; that in the year
1897, said Jennie Landis and William H. Plank conveyed
all their interest in and to the real estate owned by their
father to their brother, said James R. Plank, by general
warranty deed; that in March, 1909, said widow,
Jemima Plank, and appellant James R. Plank filed their
complaint in the Carroll Circuit Court against said Ella
Irwin, who was the mother of appellees Lela Irwin and
Marie Irwin, and Frances I. Hinkle, who was the mother
of appellee Minta R. Hinkle, together with their hus-
bands, asking for the partition of the real estate left by
said William Plank, consisting of about 120 acres; that
appellant was designated in said complaint as Reed
Plank; that in said complaint it was alleged that said
Jemima Plank was the owner of an undivided one-third
interest in said real estate for and during her life; that
said James R. Plank was the owner of an undivided
three-fifths thereof, and that each of said defendants
was the owner of an undivided one-fifth thereof, subject
to the life estate of said widow, and asking that their
several interests be set off to the owners in severalty;
that on October 11, 1909, the plaintiffs in said action,
Jemima Plank and James R. Plank, by leave of court,
filed an amended complaint in said cause, in which it
was alleged that said Jemima Plank was the owner of
an undivided one-third of said real estate, and that the
other parties thereto were the owners of the remaining
two-thirds thereof in the following proportions:   The

plaintiff James R. Plank the undivided six-fifteenths thereof, and each of said defendants an undivided two-fifteenths thereof; that said real estate was not susceptible of division among the respective owners, and praying for a sale thereof by a commissioner appointed for that purpose; that the defendants to said action filed answers in general denial to said amended complaint, the answer for Ella Irwin and Frances I. Hinkle being filed by their guardian, they having become insane; that said cause was then submitted to the court for trial without the intervention of a jury upon the amended complaint and answers thereto; that the court found that the plaintiffs and defendants are the owners of the real estate described therein (about 120 acres) ; that plaintiff Jemima Plank is the childless second wife of William Plank, who owned said real estate at the time of his death, and the other parties to said action are his children by a former marriage; that said Jemima Plank is the owner in fee simple of an undivided one-third interest thereof in value, subject to enforced inheritance as provided by law; that the other parties thereto are the owners of the remaining two-thirds thereof in the proportions alleged in the amended complaint; that said parties are entitled to have said real estate partitioned and to have the same set apart to them in severalty; that a judgment was then entered on said finding, directing that partition be made of the 120 acres of land among the parties, by setting off to said plaintiff Jemima Plank an undivided one-third thereof in value, subject to enforced inheritance as provided by law, to the plaintiff James R. Plank the undivided six-fifteenths thereof in value, and to each of the defendants Ella Irwin and Frances I. Hinkle an undivided two-fifteenths thereof in value; that the court at the same time appointed commissioners to make partition of said real estate in accordance with said judgment; that on November 8,

1909, said commissioners filed their report, in which they stated that they had set off to Jemima Plank in severalty in fee simple, subject to enforced inheritance as provided by law, as and for one-third in value thereof, certain described real estate (being the real estate involved in this action) ; that said commissioners also reported that the remaining seventy-eight acres of said real estate could not be divided without injury, and that they had set the same off to the other parties to said proceeding, viz., James R. Plank, Ella Irwin and Frances I. Hinkle, as tenants in common; that on November 9, 1909, the attorney who had heretofore represented plaintiffs in said action withdrew his appearance for said Jemima Plank, and John H. Gould entered his appearance for her; that on November 10, 1909, Jemima Plank, through her attorney last named, filed the following written motion in said cause:

"Comes now the said plaintiff, Jemima Plank, and moves the court to set aside the report of the commissioners herein and also to set aside the interlocutory decree of the court, and also the order of the court submitting this cause for trial, for the following grounds:   (1) There is no issue in said cause as to said insane defendants.   (2) There is no answer filed by a committee or by a guardian ad litem for said insane defendants.   (3) The record of said cause does not show said insane defendants were served with process or summons herein.   (4) The report of the commissioners to make partition does not fairly state the title of this plaintiff in and to the real estate described in the complaint."

That the court on the day said motion was filed sustained the same, and set aside the submission, interlocutory decree and report of commissioners, and on the same day found that due and proper service of summons had theretofore been made on both of said defendants Ella Irwin and Frances I. Hinkle; that, it having been suggested that said defendants were of unsound mind,

a committee was appointed to file answer for them, and
such answer was accordingly filed; that said cause was
thereupon resubmitted and the court made a second find-
ing and decree, which was the same as the first, except
that the clause, "subject to forced inheritance as pro-
vided by law," descriptive of the interest to be set off
to said Jemima Plank, was omitted therefrom; that said
finding and decree contained, among other things, the
following:

> "That said Jemima Plank is the owner in fee
> simple of an undivided one-third interest thereof in
> value. * * * It is therefore considered, ad-
> judged and decreed by the court that partition be
> made of the following described real estate, to wit:
> (describing the 120 acres) among the parties ac-
> cording to their respective interests as heretofore
> found, by setting off to said plaintiff, Jemima
> Plank, the undivided one-third thereof in value."

That the court thereupon appointed the same com-
missioners to make the partition thus decreed, who filed
their report on the following day, being November 11,
1909; that said report is identical with the first report
made by said commissioners, except that it omits the
clause, "subject to forced inheritance as provided by
law," in connection with the assignment made by them
to said Jemima Plank; the paragraph of the report in
that regard being as follows: "We have set off to
Jemima Plank in severalty, in fee simple, as and for
one-third in value thereof, the following described por-
tion of said real estate, to wit:   (Here follows descrip-
tion of land in question), the same to be in lieu of her in-
terest in the real estate described in said warrant"; that
said last report of said commissioners was duly ap-
proved and confirmed, and the court adjudged thereon
that the partition thereby made be firm and effectual,
and that Jemima Plank hold and occupy the real estate
so set off to her in severalty; that the court appointed

John H. Gould, the attorney for Jemima Plank, a commissioner to execute a deed of conveyance to her for the real estate so set off to her as aforesaid; that said commissioner executed said deed as ordered, the same being in the usual form, without restriction or limitation; that the remainder of said real estate was found not to be susceptible of partition, and was ordered sold by commissioners appointed by the court, with directions that the net proceeds derived therefrom be paid to James R. Plank, Ella Irwin and Frances I. Hinkle, in proportion to their several interests in said real estate; that the commissioners sold the remainder of said real estate for $10,424.70, and the net proceeds derived therefrom were distributed among the parties to said action, other than Jemima Plank, as ordered by the court; that said Frances I. Hinkle has since died, leaving appellee Minta R. Hinkle as her only heir; that said Ella Irwin has since died, leaving appellees Lela Irwin and Marie Irwin as her only heirs; that immediately after the land in question was set off to said Jemima Plank in 1909, she took full possession of the same, and remained in exclusive possession thereof until her death in 1916, without having made any conveyance of the same; that in 1910 she executed a will, witnessed by her attorney John H. Gould and another, by which she gave $1,000 to a niece and all the remainder of her property to appellant James R. Plank; that she subsequently executed certain codicils to her said will, by which, among other things, she made an additional specific bequest of $400; that said will and codicil were duly admitted to probate in the Carroll Circuit Court on February 17, 1916, and that appellant James R. Plank duly qualified as executor thereof and is now acting as such; that said Jemima Plank never at any time, after said partition proceeding in 1909, owned any real estate other than that set off to her in said proceeding and

never owned personal property of more than $650 in value; that immediately after the death of said Jemima Plank, appellant James R. Plank took possession of said real estate, claiming to own the same as devisee under the terms of the will of said decedent; that he still holds possession thereof under said claim of title and as executor of said will; that the decrees in said partition proceeding above referred to were prepared by the attorneys for plaintiffs and defendants by agreement and submitted to the court; that the land described in the complaint and cross-complaint in this action is not susceptible of partition among the owners thereof, without injury thereto.

On the special finding of facts the court stated the following conclusions of law: (1) That by virtue of the finding and decree rendered by the Carroll Circuit Court in the case of *Jemima Plank et al.* v. *Ella Irwin, et al.*, at the October term, 1909, Jemima Plank took an estate in fee simple as the childless second wife of William Plank of the real estate described in the complaint herein and set forth in the sixth finding above. (2) That said real estate did not pass by virtue of the will of Jemima Plank, but at the death of said Jemima Plank said real estate descended to James Reed Plank, Minta R. Hinkle, Lela Irwin and Marie Irwin in fee simple and as tenants in common thereof; that the said James Reed Plank owns the undivided three-fifths thereof; that Minta R. Hinkle is the owner of the undivided one-fifth thereof and Lela Irwin and Marie Irwin each own the undivided one-tenth thereof and the plaintiffs herein are entitled to partition of the real estate and their interest set off to them in severalty. (3) That cross-complainant and defendant, James Reed Plank, has no interest in said property, except as above set out. (4) That the defendant, James Reed Plank, executor of the last will and testament of Jemima Plank

and the defendant Jennie Jordan and Jennie Landis, have no interest in said real estate.   (5) That said real estate cannot be divided without injury to the interests of the respective owners thereof and should be sold by a commissioner to be appointed by the court for that purpose.   Appellants filed their separate motions for a new trial, which were overruled.   Appellant James R. Plank then filed a motion by which he sought to have the court adjudge, on the special finding of facts and conclusions of law, that he is the sole and exclusive owner in fee simple of the real estate in question, which motion was likewise overruled.   The court thereupon rendered judgment for the partition of said real estate in conformity with the conclusions of law stated on the special finding of facts.   Appellants now prosecute this appeal and have assigned errors which require a consideration of the questions hereinafter determined.

Appellants have alleged that the court erred in each of its conclusions of law numbered 2, 3 and 4.   We will first direct our attention to the questions presented in that regard, and, for convenience in so doing, will use the term "appellant" to designate James R. Plank, as he appears in this action in his individual capacity only. It will be observed that appellant is asserting that he is the owner of all the real estate in question by virtue of the last will of Jemima Plank, deceased, while the conclusions of law limit his interest to an undivided three-fifths thereof.   This limitation forms the basis of appellant's contention that the court erred in its conclusions of law, as stated above.   Whether there was any such error depends very largely on the effect of the judgment in the partition proceeding instituted by Jemima Plank and James R. Plank against Ella Irwin and Frances I. Hinkle in the year 1909, as set out in the special finding of facts.   It is appellant's contention that said judgment had the effect, not only of setting off to

Jemima Plank the real estate in question, but also of determining her title thereto to be in fee simple, free from any right on the part of the children of her deceased husband, or their descendants, to inherit the same as her forced heirs, under the provisions of the statute then in force. As preliminary to a determination of this contention it is well to note that, as a rule, title to

1. real estate is not in issue in partition proceedings. *Miller* v. *Noble* (1882), 86 Ind. 527; *Powers* v. *Nesbit* (1891), 127 Ind. 497, 27 N. E. 501. And a presumption to that effect ordinarily

2. exists. *Green* v. *Brown* (1896), 146 Ind. 1, 44 N. E. 805; *Finley* v. *Cathcart* (1898), 149 Ind. 470, 48 N. E. 586, 49 N. E. 381, 63 Am. St. 292. Title, however, may be put in issue by appropriate pleadings, and when thus put in issue the decree is as conclusive as in any other section. *Luntz* v. *Greve* (1885), 102 Ind. 173, 26 N. E. 128. Appellant, in effect, concedes the law to be as stated, and then, in order to avoid the presumption that would ordinarily arise in the partition proceeding in question, asserts that the title to the real estate involved therein was specifically and directly put in issue by the amended complaint and answers filed in said cause, and especially by the motion of said Jemima Plank to set aside the submission, interlocutory decree and report of commissioners, as set out in the special finding of facts.

An inspection of the said amended complaint and the answers thereto, which are set out in full in the special finding of facts as shown by the record,

3. discloses that it is alleged in said amended complaint, among other things, that one William Plank departed this life intestate the owner in fee simple of the real estate described therein, leaving surviving, as his sole heirs at law, the plaintiff Jemima Plank, who was his childless second wife, and his five children by a

former marriage; that by reason of the facts set forth in the premises said plaintiff was the owner of an undi-vided one-third of said real estate, and her coplaintiff and the defendants were the owners of the remaining two-thirds thereof, said real estate being held by the several owners as tenants in common; and that said real estate is not susceptible of division among the respective owners without material injury thereto. Prayer that the parties might be adjudged the owners of said real estate, as therein set forth, and that the court order the same sold by a commissioner appointed for that purpose. The only answers filed to said amended complaint by the defendants thereto were answers in general denial. If it can be said that the title to the real estate in question was put in issue in said partition proceeding by said amended complaint and answers thereto, it must be so because of the allegations made and denied, as set out above, as there are no others which could possibly have such an effect. The record discloses that William Plank died the owner of the land in the year 1890. At that time, the law respecting the rights of a childless second wife in the lands of her deceased husband was, as far as it is applicable to the instant case, as follows: "If a husband die testate or intestate, leaving a widow, one-third of his real estate shall descend to her *in fee simple,* free from all demands of creditors:  *  *  *  Provided, that if a man marry a second and other subsequent wife, and has by her no children, but has children alive by a previous wife, the land, which, at his death, descends to such wife, shall at her death, descend to his children." (Our italics.)  §§2483, 2487 R. S. 1881, 1 R. S. 1852 p. 248. It will thus be seen that said Jemima Plank, in her amended complaint, stated her interest in said real estate correctly. She did not allege any fact which would indicate that she was claiming a greater

interest therein than the law cast upon her, nor did she in any way challenge the defendants to assert any contingent interest which might accrue to them by reason of the fact that they would become her forced heirs in the event they survived her.   No facts are alleged which could be made the basis for a judgment establishing or quieting title, but only such as are consistent with a purpose to have partition only.   The answers thereto in general denial, therefore, did not put the title to the real estate in issue.   *Luntz* v. *Greve, supra; Thorp* v. *Hanes* (1886), 107 Ind. 324, 6 N. E. 920.

But appellant, in his contention that the title to the real estate in question was in issue in said partition proceeding, appears to rely with special confidence on the fact that said Jemima Plank, in her motion to have the first submission, report of commissioners and interlocutory decree set aside, assigned as one of the four reasons given therefor that "the report of the commissioners to make partition does not fairly state the title of this plaintiff in and to the real estate described in the complaint."   We cannot agree that the motion in question, based in part on the reason stated, had the effect for which appellant contends.   The motion under consideration was an incidental step in the progress of the cause, collateral to the main object of the action.   The sole purpose sought to be accomplished thereby was to have the first submission, report of commissioners and the interlocutory decree set aside, in order that the cause might be resubmitted on the issues formed by the complaint and answers thereto, or on such issues as might be joined on any amended pleadings that might be filed therein.   The court sustained said motion and its purpose was thereby accomplished.   No new issues were made, but the cause was resubmitted, not for a determination of any question involved in the reasons on which such motion was based, but for

a determination of the issues formed by the complaint and answers thereto. The second finding and decree were based solely on a determination of such issues, and do not purport to determine any other question. Appellant has speculated as to which one of the reasons assigned in support of said motion probably induced the court to sustain the same, and has reached the conclusion that it was the fourth reason as quoted above, but with this we are not concerned, for if we should also speculate and reach the same conclusion, it would not help appellant, as said Jemima Plank failed to avail herself of the opportunity thereby offered to ask and obtain leave to amend her complaint, so as to put the title to the real estate in issue, and have the court determine the same in accordance with her claim in that regard, if the law and facts would warrant it. Under these circumstances it cannot be said that the title to the real estate was in issue on the resubmission.

Appellant also lays stress upon the facts that the second decree was prepared by the opposing attorneys in said action by agreement and submitted to the court, and that said second report, as well as the second decree, were identical with the first report and decree, except that the clause "subject to forced inheritance as provided by law," was omitted therefrom. These facts have no controlling influence, as the preparation of the second decree by the agreement of the parties for submission to the court is wholly consistent with the common practice in which opposing attorneys, after the court has announced its conclusion, as a matter of convenience, agree upon an entry embodying the conclusion so announced and submit the same to the court for its approval. A degree so prepared and entered is not the same as a judgment by agreement, and if it were so, it would not aid appellant, as the decree in question does not purport to be an adjudication against

any of the parties to said action, with respect to their contingent right of forced inheritance. The reference made to such right in the first report and decree was, in fact, mere surplusage, and added nothing that the law did not imply, under the facts shown, in the absence of such a reference.

Appellant in his brief asks what was meant by the proceedings in the partition suit under consideration, whereby the first report and decree were set 6. aside, and the second report made and decree entered, with the single difference indicated above, if it were not intended to adjudicate the title of the said Jemima Plank to the real estate set off to her, and now in question in this action. We are not called upon to speculate as to the intention of the parties in that regard, but must confine ourselves to an interpretation of the pleadings as submitted, and the decree as entered, in determining the issues tried and matter adjudicated. Since they are not ambiguous, we may not read into them, by way of judicial interpretation, anything not fairly expressed by the language used. This forbids our adoption of appellant's contention in that regard. And in this connection we may add that the fact cited by appellant that said Jemima Plank always believed, after said partition proceeding, that she owned the real estate in question, free from any contingent interest on the part of the children of her deceased husband by a prior marriage, and sought to devise the same to appellant by her last will, cannot have any controlling influence in determining what was actually adjudicated in said partition proceeding.

Appellant finally contends that by the provisions of §3024 Burns 1914, Acts 1913 p. 367, appellees are estopped from claiming any interest in the real 7. estate in question. An examination of this section discloses that the estoppel for which appel-

lant contends only arises where the childless second wife of a deceased husband and the children of such husband by a former wife, or their guardian, have attempted to dispose of the real estate left by such deceased husband by conveyance. The special finding of facts fails to show any such attempted conveyance of the real estate in question as would render the provisions of this section applicable. We cannot, therefore, adopt appellant's contention on the question of estoppel. ·

Based upon what we have said, we conclude that the court did not err in stating its conclusion of law. The decree is in harmony with the conclusions of law, and hence the court did not err in overruling appellant's motion for judgment in his favor as alleged, or in rendering judgment in favor of appellees. Appellant has failed to point out any reason which would warrant a conclusion that the court erred in overruling his motion for a new trial. We find no error in the record. Judgment affirmed.