May Term,
1860.

THE CINCIN-
NATI, &C.,
RAILRO'D CO.
v.
WYNNE.

THE CINCINNATI, UNION, AND FORT WAYNE RAILROAD
COMPANY *v.* WYNNE and Others.

A judgment rendered upon the same cause of action by a foreign Court which had jurisdiction of the subject-matter and the parties, may be set up in bar of a suit in this state.

Suit by judgment creditors to set aside a conveyance. Answer, setting up a former judgment in the Circuit Court of the *United States*, held in the district of *Indiana*, in a suit between the same parties, upon the same cause of action. A transcript of the judgment was filed and made part of the answer. Demurrer overruled. Subsequently other creditors came in, who were not parties to the former suit, and, as an amendment to the bill pending, to which an answer was in, set up their judgments and asked that the conveyance be set aside as to them. Answer to this amendment, setting up the same judgment in bar, and making the copy thereof filed with the first answer a part of the second by reference. Demurrer sustained, and final judgment rendered, setting aside the conveyance as to all the creditors. *Held*, that, in any view of the pleadings, this was error.

APPEAL from the *Jay* Circuit Court.

PERKINS, J.— *William Brandon* and wife executed a deed, conveying to the *Cincinnati, Union, and Fort Wayne Railroad Company*, a large amount of real estate, situate in *Jay* county, *Indiana*.

*Wynne*, and a large number of other judgment creditors of *Brandon*, filed a complaint in the *Jay* Circuit Court, charging that the conveyance by the *Brandons* was fraudulent, and asking that it be set aside.

The railroad company answered, setting up a former judgment in the Circuit Court of the *United States*, held in the district of *Indiana*, between the same parties, upon the same cause of action, which judgment was in favor of the railroad company, &c. A transcript of that judgment was filed with, and made a part of the answer.

A demurrer to this answer was overruled, and the cause was continued.

At a subsequent term, certain other creditors of *Brandon*, who were not parties to the former suit in the Circuit Court of the *United States*, came in and severally set out their judgments, and asked that the conveyance by *Brandon* and wife to the railroad company be set aside as to

VOL. XIV.—25

May Term,
1860.

THE CINCIN-
NATI, &c.,
RAILRO'D Co.
v.
WYNNE.

them. They filed their complaint as an amendment to the bill then pending, and to which an answer was on file.

To this amendment the railroad company answered, setting up the former judgment in the Circuit Court of the *United States* in bar, making the copy thereof filed with their first answer, a part of the second, by reference.

To this answer a demurrer was sustained, and a final judgment thereupon rendered, setting aside the conveyances by the *Brandons* to the railroad company as fraudulent as to all the creditors then parties to the proceedings in the *Jay* Circuit Court.

It has been held in *Indiana*, that the pendency of a suit for the same cause of action in a Court in another government, cannot be answered in bar of an action in a Court in this government. Perk. Pr. 223.—2 Dan. Ch. Pr. 721. But see 2 Kent, p. 122; Mitford's Eq. Pl., top p. 291. See Story's Eq. Pl., 748.

On the other hand, a judgment rendered upon the same cause of action, by a foreign Court which had jurisdiction of the subject-matter of the suit and the parties to it, may be set up in bar of a suit in this state. Story's Eq. Pl., p. 784.—Perk. Pr., 233.—2 Dan. Ch. Pr., p. 753, *et seq.*

Looking now to the manner in which the law was applied in this case, if we are to regard the amendment filed to the complaint, as bringing along with it the original complaint, so as, in fact, to take it out of the operation of the answer filed to it, and make it, with the amendment filed, an entire new complaint in the whole case, filed at the time of filing the amendment, then we must regard the answer filed to that complaint, as bringing along, by reference, the answer filed to the original complaint, and making it, with the amendment, an answer to the entire complaint as amended. If thus regarded, the answer was sufficient in point of form; for it is not necessary that the suits pleaded should be between the same parties nominally. Other parties may be shown to be concluded by the judgment. Authorities, *supra*, and 8 Blackf. 175.

If, on the other hand, we regard the original complaint, and the answer thereto, as left standing upon the record,

May Term, 1860.

and the amendment as an addition to be answered by itself, as would appear, from the mode of pleading adopted, to have been the understanding of the parties, then it was error, in deciding simply upon the answer to the amendment, for the Court to determine the rights of parties, already settled by the overruling of the demurrer to the answer to the original bill, and whose rights the amendment did not affect, nor purport to bring in question, but only the rights of the new parties brought in by the amendment; inasmuch as the Court did not intimate any intention to change the decision it had already made on the original complaint and answer thereto. See Story's Eq. Pl., p. 707. See, as to the effect of a fraudulent conveyance upon subsequent creditors, *Pennington* v. *Clifton*, 11 Ind. R. 162.

We think the proceedings in this cause have not resulted in such an investigation of its merits as is due to justice, and that it should be reversed and remanded for further proceedings, with leave to both parties to amend their pleadings, &c.

*Per Curiam.*—The judgment is reversed with costs. Cause remanded, &c.

*J. Smith*, for the appellants.

*O. P. Morton* and *J. B. Julian*, for the appellees.