EDWARDS *v.* BAKER ET AL.

[No. 16,919.   Filed June 11, 1896.]

EXECUTORS AND ADMINISTRATORS.—*Authority to Mortgage Estate to Pay Debts.— Petition to Sell.* — Where an administrator has petitioned for an order to sell real estate to pay debts of an estate, an order directing such administrator to mortgage such real estate is invalid.

From the Boone Circuit Court.   *Affirmed.*

*T. J. Terhune* and *P. H. Dutch*, for appellant.

*R. P. Davidson* and *Artman & Lewis*, for appellees.

McCABE, J.—George Kernodle died testate, in Boone county, seized of certain lands therein, and leaving a widow, now Laura A. Neal, and children, Joanna, now Baker, William H., Charles and Jennie Kernodle, to each of whom he devised certain interests in his lands.

That afterwards, on December 13, 1888, said widow and children filed their complaint in the Boone Circuit Court against Thomas H. Martin, administrator *de bonis non*, with the will annexed of the said estate of said George Kernodle, deceased, and Addison B. Braden, seeking to set aside a mortgage for $400.00 on a part of said real estate, executed by said administrator to said Braden, under an alleged order of the Boone Circuit Court, to secure a loan made to said administrator by said Braden to be used in the payment of the debts of said testator.

That court sustained separate demurrers to said complaint by each defendant Martin and Braden for want of sufficient facts.   Braden, the mortgagee, filed a cross-complaint against the original plaintiffs and Martin, administrator, seeking to foreclose his mort-

gage. The issues joined upon the cross-complaint, were tried by the court, resulting in a general finding in favor of cross-complainant Braden, and against the original plaintiffs and the administrator, upon which cross-complainant had judgment of foreclosure over a motion for a new trial. On March 27, 1891, said former widow and children filed a complaint to review said judgment, making a transcript of said judgment an exhibit to their complaint. They assigned the rulings upon the demurrer to their former complaint, the insufficiency of the facts stated in Braden's cross-complaint, and the denial of their motion for a new trial of the former suit as the errors upon which their complaint to review was based.

James G. Edwards, who was sheriff, and who executed the foreclosure decree by selling the lands to Braden at sheriff's sale, took an assignment of Braden's certificate of purchase, which he had executed to Braden; and Edwards, as appeared and on a showing of such facts, obtained leave of the circuit court to become a defendant in the complaint to review.

The court, trying the issue upon the complaint to review, made a special finding of the facts, upon which it stated conclusions of law, leading to judgment reversing the judgment to be reviewed as to all the parties except the widow, Laura A. Neal.

Many errors are assigned, but only one has been discussed by appellant's counsel, and that is the conclusion of law stated, that the cross-complaint of Braden did not state facts sufficient. All other alleged errors are deemed waived by such failure.

The transcript in this case is in such a condition that we would be fully justified in dismissing the appeal. It is so disjointed, confused, mixed, and imperfect that we doubt if ever so defective a transcript was pre-

sented to this court before, and certainly no case was ever decided upon its merits presented by such a transcript. It resembles more the trail of a man lost in a snowstorm on the prairie, traveling in a circle all night, than anything else. The conclusion of law assigned for error and discussed, requires an examination of the sufficiency of the cross-complaint of Braden.

As to the execution of the mortgage, the cross-complaint alleges "that on the 10th day of September, 1885, said Thomas H. Martin, as administrator *de bonis non* of the estate of George Kernodle, deceased, had pending in the circuit court of said county of Boone, in said State, his application to sell the southwest quarter of section 7, in township 19 north, range 1 west, in said county * * *; that in said proceedings, instead of selling said real estate, said Martin was ordered to mortgage said real estate to raise money to pay the debts of the estate of said George Kernodle, deceased; and, in pursuance of said order, said Martin mortgaged said real estate to this cross-complainant, Addison B. Braden."

The validity of this same order was brought before this court by the same administrator in *Martin, Admr.,* v. *Neal,* 125 Ind. 547. It was there said that: "The appellant Thomas H. Martin was appointed administrator *de bonis non* of said estate * * * and on the 27th day of February, 1884, filed a petition asking an order for the sale of all said farm, and that the proceeds remaining after the payment of debts be distributed to the devisees or invested in real estate as the court might direct. * * On the 26th day of June, 1885, * * * the court * * * made an order authorizing said administrator *de bonis non* to mortgage said real estate, and to take possession of and lease the same for a period not to exceed five years. After-

wards, on the 10th day of September * * * * the court * * * made an order authorizing the administrator to negotiate a loan at eight per cent. interest. * * * Afterwards the administrator reported the making of such loan, and the mortgage executed to secure the same, to the court, * * * and the court approved the loan, mortgage, and lease. * * *

"The circuit court probably has jurisdiction of the subject-matter, and the right to make an order, in a proper case, for the administrator to mortgage and lease real estate, instead of ordering it sold; but in such case it would be incumbent on the administrator to show to the court that it would be to the interest of the estate to thus mortgage or lease the real estate, and manifestly the heirs, or owners, of the real estate would have the right to controvert the fact that it was to the interest of the estate. * * * It affirmatively appears that it was sought to graft it into and make it a part of the proceedings for the sale of real estate after such proceedings had been heard, and order of sale made, so that unless we shut our eyes to the facts as disclosed by the record, we must know from the record that no notice whatever was given of the application to mortgage and lease the real estate, and for this reason the judgment is void and may be attacked collaterally. * * * It cannot be sustained, unless it is a part of the proceedings to sell real estate; and we are of opinion that it is not. The original application was for the sale of the real estate to pay debts; nothing was said about mortgaging or leasing."

All of the facts that appear in that case do not appear by the cross-complaint in question, though they do appear in the record of the proceedings sought to be reviewed.

But the sufficiency of the cross-complaint must be tested by the facts stated in it.

And it shows that on application to sell by the administrator the lands of the decedent, "instead of selling said real estate, said Martin was ordered to mortgage said real estate to raise money to pay debts of the estate."

It is true, that it does not appear from the cross-complaint that there was no notice to the widow and children, as it did in the other case, but it does appear that the order to mortgage was not made in accordance with the application. That application, the cross-complaint states, was to sell, and not to mortgage. It may be, as counsel contend, that in considering the sufficiency of the cross-complaint, which is silent as to notice to the widow and heirs, that we are bound to presume that notice was given, contrary to the disclosure of other parts of the record. Yet, we may inquire whether the adjudication by which it is sought to conclude the widow and heirs was within the subject-matter submitted to the court for its determination.

In McFadden v. Ross, 108 Ind. 512, at pages 516, 517, it was said: "The proposition, that the judgment of a court having jurisdiction of the parties and the subject-matter, is conclusive, has become a settled maxim of the law. This, however, means nothing more than that such judgment is conclusive upon all questions which were, or might have been, litigated and determined within the issues before the court. Neither reason or authority lends any support to the view, that because suitors have submitted certain designated matters to the consideration of a court, the tribunal is thereby authorized to determine any other matter in which the parties may be interested,

whether it be involved in the pending litigation or not. 'Persons by becoming suitors do not place themselves for all purposes under the control of the court, and it is only over those particular interests which they choose to draw in question that a power of judicial decision arises,' " citing *Munday* v. *Vail*, 34 N. J. 418 ; *Fairchild* v. *Lynch*, 99 N. Y. 359; *King* v. *Chase*, 15 N. H. 9, 41 Am. Dec. 675; *Wood* v. *Jackson*, 8 Wend. 9, 22 Am. Dec. 603 ; *Smith* v. *McCool*, 16 Wall. 560 ; Bigelow Estop., 92. To the same effect are *Indianapolis, etc., R. W. Co.* v. *Center Tp.*, 130 Ind. 89; *Mitchell* v. *French*, 100 Ind. 334; *Hays* v. *Carr, Admr.*, 83 Ind. 275 ; *Hutts* v. *Martin*, 134 Ind. 587; Freeman Judgments (4 ed.), section 120; 21 Am. and Eng. Ency. of Law, 232, 233 and authorities there cited ; *Ringgenberg* v. *Hartman*, 124 Ind. 186 ; *Whitney* v. *Marshall*, 138 Ind. 472, 478.

The cross-complaint shows that the propriety and necessity of mortgaging the real estate of the decedent was not submitted to the court, but the propriety and necessity of selling it was submitted. And, as was said in *Martin* v. *Neal, supra*, "the statute authorizing a sale is separate from that authorizing the court to license administrators to mortgage and lease. Different facts are required to be proven to obtain the order."

Therefore, the cross-complaint did not state facts enough to show that the order was a valid one, and for that reason, if for no other, the circuit court did not err in its conclusion of law to that effect.

Judgment affirmed.