## STATE OF INDIANA, EX REL. SPINDLER, SUPERINTENDENT, *v.* SCHEIMAN, TREASURER, ET AL.

[No. 21,860.   Filed May 9, 1913.]

1.  DEPOSITORIES.—*Deposit of Public Funds.—Interest.—Duty of County Treasurer.*—Under §7536 Burns 1908, Acts 1907 p. 398, §15, defining the duty of the county treasurer in relation to interest earned on money, deposited by him in county depositories, the county treasurer is not required to credit the interest earned on money received for the construction of a ditch to such ditch fund, but must add such interest to the county fund.  p. 503.

2.  MANDAMUS.—*Right to Relief.*—Mandamus will not lie against a public officer unless the relator shows a clear legal right to have the particular thing done which he asks, nor will it lie to enforce a mere equitable right, and the action cannot be maintained in any case where there is another adequate remedy.  p. 504.

3.  MANDAMUS.—*Subject of Relief.—Determination of Ownership of Interest on Specific Funds.*—The question of the ownership of interest accruing on the ditch funds deposited by the county treasurer in a public depository, cannot properly be considered in a mandamus proceeding.  p. 504.

From Superior Court of Allen County; *Carl Yaple,* Judge.

Action for mandamus by the State of Indiana, on the relation of David E. Spindler, as superintendent of the construction of Willow Creek Ditch, against William H. Scheiman, Treasurer of Allen County, and others. From a judgment for defendants, the relator appeals. *Affirmed.*

*T. E. Ellison,* for appellant.
*Ballou, Hoffman & Romberg,* for appellees.

MORRIS, J.—This was an action for mandamus, instituted by the relator, superintendent for construction of a ditch, against the treasurer, auditor, board of commissioners, and board of finance, of the county of Allen, under §1225 Burns 1908, §1168 R. S. 1881, which authorizes the issuance of writs of mandate "to any inferior tribunal, corporation, board, or person, to compel the performance of an act which

the law specially enjoins, or a duty resulting from an office, trust, or station.'' The complaint alleges that there came into the hands of the county treasurer certain funds paid on assessments for the construction of a ditch which was ordered established by the Superior Court of Allen County; that the treasurer deposited the funds in public depositories, pursuant to the act of 1907 (Acts 1907 p. 391) and received from the depositories interest on the ditch fund in the sum of $330.00, and credited the same to the general fund of Allen County, and, on demand, has refused to perform his duty in this, to wit, to credit the same to the fund for the construction of the ditch. The performance of such alleged duty is sought to be enforced by writ of mandate.

It is conceded that the complaint states no cause of action against any defendant except the treasurer. The court sustained a demurrer to the complaint, for insufficient facts, filed by each defendant, severally. The only question presented here is the action of the court in sustaining the demurrer of the treasurer. Section 5½ of the drainage act of 1907, as amended in 1909 (Acts 1909 p. 431) requires the county treasurer to place in the county depository all money received by him for the construction of any ditch. Section 15 of the depository act of 1907, defines the duty of the county treasurer, in relation to interest earned on money deposited by him in county depositories, as follows: ''Provided, that all interest so earned shall be added respectively to the * * * county fund of the county, and to the tuition fund of the school town, except, in all cases, interest on school funds shall be applied to tuition revenue: Provided, that any interest derived from the funds of a state educational institution, shall be added to the fund from which it is derived.'' §7536 Burns 1908, Acts 1907 p. 391.

Appellant claims, among other things, that the ownership of the interest follows the principal of the ditch fund, and

1. that the legislature was without constitutional power to deprive the owner of the principal fund, of the

title to the interest earned. The depository act does not require the treasurer to credit the interest in question to the ditch fund, but on the other hand does require him to add it to the ''county fund'', hence he has violated no duty enjoined by the depository act.

Mandamus will not lie against a public officer, unless the relator shows a clear legal right to have the particular thing done which he asks, nor will it lie to enforce a mere

2.  equitable right. *Burnsville Turnpike Co.* v. *State, ex rel.* (1889), 119 Ind. 382, 20 N. E. 421, 3 L. R. A. 265; *State, ex rel.,* v. *Bonnell* (1889), 119 Ind. 494, 21 N. E. 1101; Merrill, Mandamus §56. Neither will such action lie, except in the absence of other adequate remedy, nor to establish a right, nor to define and impose a duty; and it will not lie to procure the determination of the constitutional validity of a statute. *State, ex rel.,* v. *Winterrowd* (1910), 174 Ind. 592, 91 N. E. 956, 92 N. E. 650, 30 L. R. A. (N. S.) 886, and cases cited.

The question sought to be presented here, viz., the ownership of the interest earned on the ditch funds, important as it is, cannot properly be considered in a mandamus

3.  action, and therefore no opinion on that matter is here expressed. The court did not err in sustaining the treasurer's demurrer. Judgment affirmed.

Erwin, J., not participating.

NOTE.—Reported in 101 N. E. 713. See, also, under (1) 11 Cyc. 437, 513; (2) 26 Cyc. 151, 155, 168; (3) 26 Cyc. 157, 481. As to mandamus against ministerial officers or boards, see 98 Am. St. 869. As to mandamus to compel disbursements of public funds, see 125 Am. St. 520.