FRANKLIN ET AL. *v.* HUNT ET AL.

[No. 19,709. Filed December 12, 1961.]

*Shelby Franklin, pro se.*

*J. Clyde Hoffman,* of Hagerstown, for appellees.

KELLEY, P. J.—This appeal arose out of an action instituted by appellees against appellants for specific performance of an alleged written contract for the sale and conveyance by appellants to appellees of certain described real estate.

The appellants, pro se, have presented us with such a record and brief that, under ordinary circumstances, we would be compelled to either dismiss this appeal or affirm the judgment appealed from without further consideration. To a substantial extent the transcript is in such shape that we would be justified in adopting as our guide for action the declaration of our Supreme Court in *Edwards* v. *Baker et al.* (1896), 145 Ind. 281, 282, 44 N. E. 467, to the effect that:

> "The transcript in this case is in such a condition that we would be fully justified in dismissing the appeal. It is so disjointed, confused, mixed, and imperfect that we doubt if ever so defective a transcript was presented to this court before, and certainly no case was ever decided upon its merits presented by such a transcript. It resembles more the trail of a man lost in a snowstorm on the prairie, traveling in a circle all night, than anything else."

Neither party has taken any step nor exerted any effort toward perfecting the imperfect transcript. We are impressed that the record, as submitted, reflects that the challenged judgment is invalid. It appears to have been rendered in favor of appellees by one J. Richard Kemper, Special Judge, Wayne Superior Court. The record entries disclose that the proceedings in the cause were taken "Before the Honorable John H. Brubaker, Judge of the Wayne Superior Court of the State of Indiana." There appear no entries or proceedings of any kind to show or establish that any change of venue was ever taken by either party from the said judge, John

H. Brubaker, or that the said J. Richard Kemper was ever in any manner selected or qualified as a special judge in said cause. Insofar as the record manifests, the said J. Richard Kemper was a stranger to the cause and without any jurisdiction or authority to render or enter said judgment. The purported judgment appears to bear the date of May 4, 1961 but the record entry shows that it was rendered on June 4, 1961.

The judgment recites: "Comes now the plaintiffs in person and by counsel and the defendants Shelby Franklin and Dorothy Franklin fail to apear. And this cause being at issue and having heretofore been set for trial on this date is submitted to the court for trial and determination. And the court having heard the evidence and argument of counsel and being duly advised in the premises finds for the plaintiffs;" etc. It is noted at once that there is no record entry whatsoever showing the date set for the trial; that the judgement bears one day (May 4, 1961) while the record entry shows its rendition on still another date (June 4, 1961) so that the said recital in the judgment that the cause had been set for trial "on this date" is without any certain effect since it may have referred to May 4, 1961 or June 4, 1961; that the judgment reflects no service of process on the appellants nor were the appellants in any manner defaulted.

The record discloses the filing by appellants of a motion for a new trial on May 25, 1961 which was ten (10) days prior to the date fixed by the record entry (June 4, 1961) as the date on which the judgment was rendered. No ruling by the court on said Motion for a New Trial appears in the record.

There are observed other substantial errors and imperfections in the record but it would serve no benefi-

cial purpose to tediously recount them. It thus appearing to us that on the face of the record the purported judgment is invalid, and that the action is fraught with apparent errors, substantial justice can be subserved only by mandating the vacation of said purported judgment and for further proceedings.

A party may secure an order declaring the invalidity of a void judgment by appeal. An appeal will lie from a void judgment and an appellate tribunal may be successfully resorted to to secure a judicial determination of its invalidity. *Board of Commissioners of Cass County* v. *The Logansport and Rock Creek Gravel Road Company* (1882), 88 Ind. 199, 200; *Bartmess et al* v. *Holliday* (1901), 27 Ind. App. 544, 557, 61 N. E. 750.

In *John's Cash Furniture Stores, Inc. et al.* v. *Mitchell* (1955), 126 Ind. App. 231, 238, 125 N. E. 2d 827, we said that "we are not so restricted that we must close our eyes to that which is clearly before us," and that if we were excluded from deciding those matters subject to our own observation "we would many times permit gross injustice to prevail." We think, also, that apropos here is the observation made by our Supreme Court in *The Cincinnati, Union and Fort Wayne Railroad Company* v. *Wynne and others* (1860), 14 Ind. 385, 387:

> "We think the proceedings in this cause have not resulted in such an investigation of its merits as due to justice, . . ."

Appellees' motion to dismiss this appeal is denied. The cause is remanded to the Wayne Superior Court with instructions to set aside and vacate the purported judgment appealed from and for further proceedings, with leave to both parties to amend their pleadings.

Ryan, C. J., and Ax, Bierly, Cooper, Gonas, Myers and Pfaff, JJ., concur.

NOTE.—Reported in 178 N. E. 2d 464.