FRANKLIN ET AL. *v.* MCDANIEL.

[No. 20,330. Filed May 4, 1965. Rehearing denied June 1, 1965.]

*Shelby Franklin, Pro Se,* of Richmond.

*Marlin K. McDaniel,* of Richmond, for appellee.

MOTE, J.—This appeal comes to us from a judgment rendered by the Honorable Gustave Hoelscher, Judge of the Wayne Circuit Court, Richmond, Indiana, entered on the 22nd day of October, 1964, having first found that appellants had failed to plead over within the time required by the rules of that court, after the said court had sustained a demurrer addressed to the complaint.

Appellants filed a complaint which they assert is in two paragraphs and which, in its entirety, is in the words and figures following, to-wit:

"State of Indiana )
                  ) SS:   In the Wayne Circuit
County of Wayne   )       Court April Term 1964.
                          Cause No.        1879

Shelby Franklin and
Dorothy Franklin
        Plaintiffs          Complaint to Set
                            aside and vacate
        VS.                  Commissioner's Deed
Marlin McDaniel
        Defendant

Comes now Shelby Franklin and Dorothy Franklin and Complains and for Complaint Avers:

1. That the Deed of conveyance set out in Plaintiff's Complaint and made Exhibit hereto and marked Exhibit 'A' was obtained from Plaintiff's by fraud and misrepresentation of the Defendant and that the Plantiffs is entitled to have the same set aside and vacated.

Filed herewith and made Exhibit hereto and marked Exhibit 'B' is the Purported Judgment the

Deed was made pursuant to which ordered us the Defendants to make a Deed, conveying to the Plaintiffs free and clear of all encumberances when $4900.00 of the purchase price was still unpaid.

2. Exhibit 'B' shows on its face we was not Decreed any part of the balance of the Purchase Price by the Court. Exhibit 'A' the Commissioner's Deed stipulates for and in consideration of $4900.-00 Dollars.

State of Indiana )
             ) SS:    AFFIDAVIT
County of Wayne)

We Shelby Franklin and Dorothy Franklin being duly Sworn upon our Oath says that we have accepted no consideration as the owner of the Real Estate described in Commissioner's Deed.

/s/ Shelby Franklin

/s/ Dorothy Dranklin

Subscribed and Sworn to
before me this 13th day of
July 1964.

/s/ Rita Jane McGuire
    Notary Public

My Commission Expires Jan. 12, 1968

Wherefore: The Plaintiffs ask that a Commissioner be appointed to Reconvey Said Real Estate to Plaintiffs and cost of this action.

                /s/ Shelby Franklin
                /s/ Dorothy Franklin

## ENDORSEMENT.

The clrrk will issue to the sheriff of wayne county for the defendant Marlin mcDaniel.

the plantiffs herby fixes the 30 day of july 1964 as the day on which the defendant shall Appear,

and the clerk of said court is hereby directed to issue summons for his appearance on said day.

/s/ Shelby Franklin
/s/ Dorothy Franklin "

Attached to and made a part of said complaint, Exhibit "B" is in the words and figures following:

"STATE OF INDIANA )
) ss:
COUNTY OF WAYNE )

IN THE WAYNE SUPERIOR COURT

APRIL TERM, 1962

CAUSE NO. 2692

Now the Honorable John H. Brubaker, regular judge of the Wayne Superior Court vacates the bench.

And now George L. Bridenhager, regular judge of the 37th Judicial Circuit Court of Indiana, assumes the bench, and the following proceedings were had, to-wit:

GERALD L. HUNT AND MARILYN A. )
HUNT, Plaintiffs, )
vs. )
SHELBY FRANKLIN AND DOROTHY )
FRANKLIN, Defendants. )
JUDGMENT FOR SPECIFIC )
PERFORMANCE )

Comes now the plaintiffs in person and by counsel and the defendants, Shelby Franklin and Dorothy Franklin pro so. And this cause being at issue and having heretofore been set for trial on this date is submitted to the Court for trial and determination. And the Court having heard the evidence in its entirety, and being duly advised in the premises finds for the plaintiffs: that the allegations of the plaintiffs' complaint are true; that the contract referred to in the complaint can be fully performed and executed; and, that plaintiffs are entitled to have the same specifically enforced and the real estate described in said con-

tract and in plaintiffs' complaint conveyed to them by the defendants.

It is therefore ordered, adjudged and decreed by the Court that the defendants shall within thirty (30) days from the date of service upon them of the notice of this judgment, execute and deliver to the plaintiff's a good and sufficient warranty deed conveying to the plaintiffs' free and clear of all encumbrances, the following described real estate, being the same real estate described in the plaintiff's complaint, to-wit:

The west half of the east half of the southeast quarter of Section 27, Township 18, Range 12 east, containing 40 acres, more or less, located in Dalton Township, Wayne County, Indiana.

It is further ordered, adjudged and decreed that the defendants deliver to the plaintiffs — and abstract of title to the real estate herein described within fifteen (15) days from the date of service upon them of notice of this judgment.

It is further ordered, adjudged and decreed that the plaintiff's upon the tender or delivery to them of said deed pay to the defendants the sum of Forty Nine Hundred Dollars ($4900.00), that sum being the balance of the purchase money named in the contract set forth in said complaint.

It is further ordered, adjudged and decreed that upon failure of the defendants to execute and deliver said deed within the time and upon the conditions set forth above herein that Marlin McDaniel be and he is hereby appointed a Commissioner to convey said real estate to the plaintiffs', and he is hereby ordered, upon failure of the defendants to comply with this judgment, to do all things necessary to convey said real estate to the plaintiffs' free and clear of any and all encumbrances, including but not limited to the payment of any mortgage or other lien on said real estate out of the balance of the purchase price to be paid by the plaintiffs', and to execute a deed for said real estate to the plaintiffs', which deed when executed by him shall vest in the plaintiffs' all the right, title and interest of the defendants and each of them in and to said real estate.

It is further ordered that the fees of said Commissioner be paid out of the sum of Forty Nine Hundred Dollars ($4900.00) to be paid by plaintiffs² as the balance of the purchase price of said above described real estate.

It is further ordered, adjudged and decreed that the defendants, Shelby Franklin and Dorothy Franklin, shall take nothing under their cross-complaint and shall pay the costs of this proceeding all of which is ordered, adjudged and decreed by the Court.

GEORGE L. BRIDENHAGER

Special Judge,

Wayne Superior Court

Dated: April 19, 1962"

Exhibit "A" referred to in said complaint is in the words and figures following:

## "COMMISSIONER'S DEED

THIS INDENTURE WITNESSETH, that Marlin K. McDaniel, Commissioner appointed by order of the Wayne Superior Court of Wayne County, Indiana in Cause Number 2692 on the docket of said Court wherein Gerald L. Hunt and Marilyn A. Hunt are plaintiffs and Shelby Franklin and Dorothy Franklin are defendants, pursuant to and in compliance with an order and judgment of said Court made and entered in said cause on April 19, 1962, and of record in Order Book II page 438 of the records of said Court, for and in the consideration of four thousand nine hundred dollars ($4,900.00), does hereby convey unto Gerald L. Hunt and Marilyn A. Hunt, husband and wife of Wayne County, Indiana, the following described real estate situated in Wayne County, State of Indiana, to-wit:

The west half of the east half of the southeast quarter of Section twenty-seven (27), township eighteen (18), Range twelve (12) east, containing forty (40) acres more or less.

IN WITNESS WHEREOF, the said Marlin K.

McDaniel, as such Commissioner, has hereunto set his hand and seal this *22* day of *January* 1963.

/s/ *Marlin K. McDaniel*
Marlin K. McDaniel
Commissioner

STATE OF INDIANA )
) SS:
COUNTY OF WAYNE )

Before me, a Notary Public in and for said County and State this *22* day of *January*, 1963 personally appeared Marlin K. McDaniel the within named Commissioner, and as such commission acknowledged the execution of the foregoing deed.

Witness my hand and Notorial seal.

/s/ Mary M. Hill
Notary Public

My Commission Expires:

April 30, 1965.

Examined and approved by me this *25* day of *January*, 1963. ~~22~~

/s/ George L. Bridenhager,
George L. Bridenhager,
Special Judge
Wayne Superior Court

By endorsement appellants fixed the 30th day of July, 1964, for the defendant, Marlin McDaniel, appellee herein, to appear.

In their brief, under *"Argument"*, appellants attempt to assign three errors as follow:

"(e) 1. The Court erred in overruling appellants' motion to default Defendant and judgment against him when the summons duly notified him to enter an appearance on or before the 30th day of July, 1964, or else be defaulted and have judgment taken against him. *(See page 10, lines 13 and 16.)* See Rules 1-1C, Rules of Supreme Court, adopted April 16, 1962, effective September 1, 1962, has the force and effect of law, and is bind-

ing upon the litigants the courts alike. Yaitors v. Cole. 117 app. 19, 68 N. E. (2d) 657; mendenhall v. mendenhall, 125 app. 519, 124 N. E. (2d) 873; jewell v. floyd 137 app. 191, 134 N. E. (2d) 873.

2. The Court erred in sustaining Defendant's demurrer without filing it with the clerk. (*See pages 14 and 15 of the transcript.*) The Court had no jurisdiction or authority to sustain demurrer. (*See page 13, lines 1 and 2—shows the Defendant in default and denies the appellants a remedy by due course of law, contrary to constitution of Indiana Bill of Rights, Art. 1, Section 12)*—This provision of the constitution requiring justice to be administered freely, and without purchase; completely, and without denial, 1955. Replacement Burns Indiana Statutes Book 1, page 12. Midwest oil company, inc. v. tom storey, appellate court of Indiana, dec. 1, 1961. 1. Pleading. 204(2) said if complaint entitles complaint to any relief it is good against *demurrer* the Defendant admits in par. 3, page 15, line 20. Their remedy might well be a motion for new trial and appeal to a higher court.

3. The Court erred in its order that the Plaintiffs take nothing on their complaint and pay the cost, when commissioner deed, page 4, line 21, signed by the Defendant, creates a contract, takes 40 acres of our homestead by the statement in the Commissioner's deed, for and in consideration when the judgment shows there was no consideration, page 7, line 22, the Court has no right to create a contract and bind the parties to a contract they did not make themselves. See Indiana gas and water co. v. williams. This Court said the Courts have no rights to make a contract for the parties and the rule of liberal construction does not justify the creation of a contract for the parties, for the parties which they did not make themselves or the imposition upon one party to a contract of an obligation not assumed by its terms. Jankins v. King 1946. 244 ind. 164. 65 N. E. (2d) 121. 163. alr. 397 international shoe co. v. lacy, 1944. 144 ind. app. 641. 53 N. E. (2d) 772 the commissioner deed shows on its face. It is false; as a matter of fact, in the first place, there was no tender made to appellants, and that question was adjudicated by this court in

franklin v. hunt 178 N. E. page 464, December 12, 1961."

After the above, by a so-called "Brief Summary", appellants state that the judgment for specific performance for the conveyance of the real estate in question, entered by Special Judge George L. Bridenhager on April 19, 1962, is the same judgment that was invalidated by this Court on December 12, 1961, in the case of *Franklin et al.* v. *Hunt et al.* (1961), 132 Ind. App. 575, 178 N. E. 2d 464. This is not true. ...

Appellee has filed no brief.

So far as this Court can tell from appellants' brief and transcript, now before us, said appellants dwell upon and insist that when the defendant failed to appear on the return date, to-wit: July 30, 1964, they were entitled to a default judgment under Rule 1-1(c) of the Supreme Court; also that the trial court had no jurisdiction or authority to sustain the demurrer after motion for default judgment had been filed; and that the trial court had no legal authority to make a contract for the parties, and further, that they never received any part of the consideration mentioned in the deed, nor was any part of the same tendered to them.

As above indicated, this is the second time that matters concerning the real estate here involved have been before this Court. In the prior case the cause was "remanded to the Wayne Superior Court, with instructions to set aside and vacate the purported judgment appealed from and for further proceedings, with leave to both parties to amend the pleadings."

It is obvious that the question of specific performance to convey real estate again was presented to the trial court. Marlin McDaniel was appointed Commissioner and executed and delivered to the parties there-

to entitled a Commissioner's deed approved by the Judge of the Court. There was mentioned in said deed by said McDaniel as Commissioner, a consideration of Forty Nine Hundred ($4,900.00) Dollars, the receipt whereof was therein acknowledged in approximately the same words as a prior deed which was involved in the previous appeal, by a different commissioner, inasmuch as the previous commissioner's deed had been set aside by order of this Court. What happened to the Forty Nine Hundred ($4,900.00) Dollars is not disclosed by the record. Whether it was paid to the Clerk of the Court for the use and benefit of the appellants; whether it was used to pay off a first mortgage lien, or for some other purpose, we do not know. The fact remains, according to the record, as we have been able to decipher it, that the appellee herein was not acting as an individual but, on the other hand, was acting as a commissioner appointed by the Special Judge of the Wayne Superior Court, carrying out the instructions given to him, and prior to the delivery of said deed the same was submitted to and approved by the Special Judge who appointed him. There was no appeal from this judgment. Instead of instituting an appeal, the action designed to vacate and set aside the Commissioner's deed was commenced against appellee in his individual capacity.

It is to be noted that the action filed below and here on appeal was against the defendant and appellee individually. The appellee herein, in his individual capacity, never had anything to do with the conveyance which, by their action, appellants sought to set aside in the trial court. This was well known to the trial judge because of Exhibits "A" and "B" attached to the complaint, they being respectively a copy of the judgment rendered in the Wayne Superior Court,

and copy of the Commissioner's deed, submitted to and approved by the presiding judge in the said action. Appellants complain of the fact that appellee did not comply with Rule 1-1(c) which sets forth the form of summons upon individuals and the requirement for the defendant, or defendants, "to enter an appearance personally or by attorney, on or before the —— day of ——————19——, or else be defaulted and have judgment against you." As above stated, it is true that appellee did not appear personally or by attorney on or before the return date thereof, to-wit: July 30, 1964. It is true also that on the 3rd day of August, 1964, appellants filed their motion asking default judgment under Rule 1-1(c) of the Supreme Court of Indiana, because appellee had failed to appear within the time prescribed by the summons. Appellee did, on the 6th day of August, 1964, file his demurrer to plaintiffs' complaint, together with memorandum in support thereof, which demurrer and memorandum, omitting the formal parts and signatures, are as follow:

### "DEMURRER TO PLAINTIFFS' COMPLAINT

Comes now Marlin K. McDaniel, defendant in the above captioned cause of action, and demurs to plaintiffs' complaint herein and for and by way of grounds of demurrer, states as follows, to-wit:

1. That plaintiffs' complaint herein does not state facts sufficient to constitute a cause of action against this defendant.

WHEREFORE, defendant prays the Court that this demurrer be sustained, that plaintiffs take nothing by their complaint, and for all other relief proper in the premises.

### MEMORANDUM

Comes now the defendant, Marlin McDaniel, in the above captioned cause and by way of memo-

randum to his attached demurrer to plaintiffs' complaint states as follows:

1. That said complaint and attached exhibits show no grounds whatsoever whereby a general allegation of 'fraud and misrepresentation' can be maintained against defendant.

2. That by the very content of plaintiffs' complaint and exhibits defendant is shown to be merely a 'trustee' in the former cause of action referred to, and as such officer of that Court, his actions are evidenced in plaintiff's complaint to be proper and in order and in fact expressly approved by that Court.

3. That if plaintiffs are not satisfied with the decision in that prior cause of action, their remedy might well be a motion for new trial and appeal to a higher Court, but in no event does their complaint in this cause contain grounds for a cause of action against the defendant herein, either individually or as an officer of the said prior Court.

4. This court has no jurisdiction of this cause if any. It lies in the Wayne Superior Court. (1) W. H. Armstrong Co., v. Lielier, (1913), 54 App. 447, 103 N. E. 19; Chicago R. Co. v. Dunnahoo, (1916) 63 App. 237, 112 N. E. 552; Snowden v. Wilas (1862), 19 Ind. 10."

On the 14th day of August, 1964, appellants filed a Motion to Strike Out the Demurrer, supported by memorandum, which said motion was overruled. On September 2nd, 1964, the trial court sustained appellee's demurrer and on October 22nd, 1964, the trial court, having found that appellants had failed to plead over within the time required by the rules of the court, rendered judgment on the demurrer and ordered that appellants take nothing on their complaint and that they pay the costs.

We recognize that Rule 1-1(c) of the Supreme Court, concerning default of the defendant if he does not appear in an action within the time allotted by the return date set forth in the summons, appears to be

very strict, but we cannot believe that it is contemplated under all circumstances that a plaintiff is entitled to default judgment for the failure of the defendant to enter his appearance and plead to the complaint within the time allotted, particularly when the complaint and accompanying exhibits belie the alleged cause of action and show conclusively that the plaintiff is not entitled to recover, as in this case, for the very simple reason, if for no other, that the action was brought against an individual who, as such, had nothing to do with the litigation in question, but who, as commissioner under the order of the court, submitted and obtained the approval of a deed of conveyance before delivering the same under the order of court. If the appellants are entitled to any part of the consideration flowing from the grantee to the grantor they have their remedy, and we suggest that such remedy does not include an action against the individual who, as commissioner, executed and delivered a deed to set aside the same. Appellants have demonstrated no prejudicial, reversible error.

Judgment affirmed.

Bierly, PJ, Hunter and Smith, JJ., concur.

NOTE.—Reported in 206 N. E. 2d 618.