BRUGGNER ET AL. *v.* SHAFFER.

[No. 20,064. Filed October 5, 1965. Rehearing denied November 5, 1965. Transfer denied December 21, 1965.]

*George Sands,* of South Bend, for appellants.

*Norman Kopec* and *John W. Montgomery,* of South Bend, for appellee.

PRIME, P. J.—Appellee instituted this action below pursuant to the Indiana Declaratory Judgments Act, Acts of 1927, ch. 81, § 1, p. 208, being § 3-1101, Burns' 1946 Replacement. In his complaint the appellee prayed for a decree construing and interpreting Chapter 302 of the Acts of 1943, being § 48-6428, Burns' 1963 Replacement.

Appellee had on December 21, 1933, been licensed by the Federal Communications Commission as a police radio operator in South Bend, Indiana; and on December 1, 1938, he was appointed as a member and officer of the police department of said city. Appellee was then, on February 5, 1961, retired from said police department and granted retirement benefits based upon his length of service from December 1, 1938, until retirement date. Appellee initiated this action in an attempt to gain an interpretation of the above mentioned statute, which would cause his tenure of duty as a police radio operator prior to December 1, 1938, to be added to his service time used in arriving at the amount of his retirement benefits.

The applicable portion of said statute is set out below:

"All persons *now regularly employed* as full time police radio operators who have been duly licensed by the federal communications commission shall be appointed members of the police department in first, second, third and fourth class cities, . . . That such police radio operators shall be admitted to membership in such police pension funds subject to the rules governing the acceptance of members of the police department . . . And, further provided, That the date of their membership in such police pension funds shall be as of the time of their original appointment as such police radio operators . . ." (Emphasis added.)

The court entered judgment favorable to the appellee and appellants filed their motion for a new trial. The appellants alleged in their motion that: (1) the decision was not sustained by sufficient evidence, and (2) the decision was contrary to law. The motion was overruled and appellants assign this adverse ruling by the trial court as error. Appellants have confined their argument to the second specification of their motion for a new trial, viz: the decision is contrary to law.

The evidence was stipulated by the parties and consists of the following facts, to-wit:

"1. That said plaintiff was born on the 16th of October, 1905; that he was employed in the Electrical Department of the City of South Bend, Indiana, from June 1, 1925, to September 1, 1925, a period of three (3) months; from June 1, 1926, to November 1, 1926, a period of five (5) months; from January 1, 1927, to December 1, 1938, for a period of eleven (11) years and eleven (11) months; that his wages and salary were paid out of funds duly appropriated for the Electrical Department of said City of South Bend.

"2. That on the 21st day of December, 1933, said plaintiff was duly licensed by the Federal Communications Commission as a police radio operator and was regularly employed as a full time radio operator *until* the 1st day of December, 1938; that on the 1st day of December, 1938, said plaintiff was duly appointed as a police officer and a member of the Police Department of said city and was, on

the 6th day of March, 1939, admitted as a member of the South Bend Police Pension Fund. (Emphasis added)

"3. That on due application therefor, plaintiff was retired as a police officer on the 5th day of February, 1961 by reason of length of service of twenty (20) years and four (4) months and was allowed a retirement pension in the amount of Two Thousand Six Hundred Forty-Four Dollars ($2,644.00) per year, and that he has been duly paid such allowance."

After giving due consideration to the pleadings filed by the parties and the stipulation of facts, the court concluded as a matter of law that:

"4. That said plaintiff was employed as a licensed full time police radio operator from December 21, 1933, to *February 5, 1961,* covering a period of 27 years, 1 month and 14 years (days). That from said gross period there was deducted a period of 1 year, 10 months and 18 days for suspension and disability time leaving a net period of 25 years, 2 months and 26 days of active service as a full time police radio operator.

"5. The clear purpose of the Act, Chapter 302 of the Acts of 1943, Burns' Indiana Statutes Annotated, Section 48-6428, was to provide benefits of the said pension to police radio operators not on the basis of their service as members of the police department but on the basis of their service previously rendered as police radio operators."

It is our opinion that the trial court's finding was contrary to law. The decision below concludes, as a matter of law that appellee was employed as a licensed full time radio operator from December 21, 1933, to February 5, 1961; yet the stipulated facts clearly state that appellee was duly licensed and regularly employed as a full time radio operator from December 21, 1933, *until* the first day of December, 1938. This can only be interpreted as meaning that on the effective date of the Act the appellee though a member of the South Bend police department, was *not* employed as a radio operator. While both appellant and appellee argue the merits of the interpretation of the questioned statute, it appears from a

study of the briefs presented and of the statute that appellee must have been a radio operator in 1943 at the time the Act went into effect in order to receive benefit from it.

It is an accepted rule of law in this state that facts which are stipulated between the parties, and not having been set aside or withdrawn are conclusive upon the parties and the tribunal. *Mid-City Iron, etc., Co.* v. *Turner* (1929), 89 Ind. App. 38, 165 N. E. 760; *Amer. Bridge Co.* v. *Rev. Bd., Emp. Sec. Div.* (1951), 121 Ind. App. 576, 98 N. E. 2d 193; *Schreiber* v. *Rickert* (1943), 114 Ind. App. 55, 50 N. E. 2d 879; *Barker* v. *Reynolds* (1932), 94 Ind. App. 29, 179 N. E. 396; *Pettit* v. *Continental Baking Co.* (1932), 94 Ind. App. 250, 180 N. E. 607. A finding of fact which is contrary to a stipulation will not be permitted to stand on appeal. 5 Am. Jur. 2d, Appeal and Error, § 825, p. 267.

It is therefore patent on the face of the record that the finding of the court below is contrary to law, and consequently, the judgment appealed from must be reversed. While the specific question of the stipulated facts was not raised in appellant's briefs, this court, while not required to search the record for errors is not so restricted that it must close its eyes to what is clearly before it. *John's Cash Furn. Stores, Inc., et al.* v. *Mitchell* (1956), 126 Ind. App. 231, 125 N. E. 2d 827, rehearing denied 127 N. E. 2d 128, *Franklin et al.* v. *Hunt et al.* (1961), 132 Ind. App. 575, 178 N. E. 2d 464. "Where resort to the record is necessary, the case will be determined by the record, and in such a case the court will not regard itself as governed by the conceptions of counsel on either side as to the nature of controlling facts." *Cleveland, etc., R. Co.* v. *Moore* (1908), 170 Ind. 328, 364, 82 N. E. 52, rehearing denied 84 N. E. 540; *Van Winkle* v. *Van Winkle* (1954), 124 Ind. App. 626, 118 N. E. 2d 389, rehearing denied 119 N. E. 2d 328; *Bryant et al.* v. *Owens* (1953), 232 Ind. 237, 111 N. E. 2d 804; *Keeshin Motor Express Co.* v. *Glassman* (1942), 219 Ind. 538, 38 N. E. 2d 847.

There remains no reason to pass upon the other issues raised in the appellant's brief, with but one exception. The appellant has filed a brief with additional authorities on the question of jurisdiction only. In an effort to eliminate further action on this point, we feel it would be wise to rule on this additional issue. Appellee filed a complaint in the court below in his individual and personal capacity seeking a declaratory judgment upon the interpretation of the questioned statute. Appellant contends that appellee's complaint seeks, first, a declaratory judgment and, second, a mandate. Appellant further cites, and correctly so, *Board of Public Safety—City of Muncie* v. *Walling* (1934), 206 Ind. 540, 187 N. E. 385, which holds:

"It is legally impossible for an action of mandate to be prosecuted by one in his individual and personal capacity. The statute requires the State of Indiana to be included. . . ."

However, after a survey of the appellee's complaint and the lower court's decree, we can find no evidence of a mandate. The complaint merely prays for a declaratory judgment or decree interpreting said statute and declaring the respective rights and obligations of the plaintiff and the defendants. An action for declaratory judgment is distinguished from other actions in that it does not seek execution or performance from the defendant or opposing parties. *Brindley* v. *Meara* (1935), 209 Ind. 144, 198 N. E. 301. It is further stated in the above cited case at page 154, "Executory relief is based upon the original instrument or statute, and not upon the declaratory judgment, which merely defines and interprets, but does not enforce." Further, it has been held that mandamus is available against a public official only upon showing of a clear legal duty on the said official to perform the act. *State, ex rel. Spindler* v. *Scheiman* (1913), 179 Ind. 502, 101 N. E. 713. Clearly this is not the case in the matter at bar.

Judgment reversed.

Carson and Faulconer, JJ., concur.* Wickens, J., not participating.

NOTE.—Reported in 210 N. E. 2d 439.