**Woodrow A. MYERS, Jr., et al. Appellants,**

v.

**STATE ex rel. COMPREHENSIVE CARE CORPORATION, Appellee.**

**No. 41A01–8603–CV–61.**

Court of Appeals of Indiana, First District.

Feb. 5, 1987.

Linley E. Pearson, Atty. Gen., Robert S. Spear, Chief Counsel, Office of Atty. Gen., Indianapolis, for appellants.

Glenn T. Troyer, Michael A. Bergin, Locke, Reynolds, Boyd & Weisell, Indianapolis, Brian S. Hucker, Mark E. Shure, McDermott, Will & Emery, Chicago, Ill., for appellee.

## STATEMENT OF THE CASE

RATLIFF, Judge.

The Indiana State Board of Health (Board) appeals the trial court's order of summary judgment in favor of Comprehensive Care Corporation (CompCare). We affirm.

## FACTS

The facts in this case are not in dispute. In January of 1984, CompCare filed an application with the Board for the purchase and establishment of a 75–bed chemical dependency hospital. CompCare's application was deemed complete on March 1, 1985. According to the then existing statutes and regulations, the Board was required to hold an evidentiary hearing and issue its determination no later than June 28, 1985, 120 days after CompCare's application was deemed complete. 410 Ind.Admin.Code 20.1–2–3(d)(4) states that failure to make a determination within 120 days is an approval of the application.

On April 11, 1985, Acts 1985, P.L. 139 became effective, thereby amending certain provisions of the Health Planning Act. In a letter dated April 11, 1985, the Board informed CompCare that it would issue the Board's staff analysis of the application prior to the evidentiary hearing which would commence on May 23, 1985. The letter also stated that the Board would make its determination by June 28, 1985. Later, the evidentiary hearing was rescheduled for June 18, 1985, since the staff analysis was not yet completed.

At a meeting on May 8, 1985, the Executive Board of the State Board of Health considered implementing new rules. Shortly after the Executive Board decided to change its rules, the Board's staff began the process of revising its rules.

On May 17, 1985, the Board sent CompCare a letter informing them that the amendments which went into effect on April 11, 1985, enabled the Board to satisfy the 120 day requirement by issuing an "initial determination" within that period without holding a hearing. At that time, however, the Board neither adopted or promulgated new procedures nor rescinded or amended the existing regulations according to Indiana's Administrative Adjudication Act (AAA).

Prior to the evidentiary hearing scheduled for June 18, 1985, CompCare had served discovery requests upon the Board. The Board moved to quash the requests and to vacate the hearing date until the Board issued an "initial determination". A hearing on the Board's motions was held on June 6, 1985, before the Honorable Sam Blue whom the Board had previously designated to serve as the evidentiary hearing officer. Mr. Blue granted the Board's motions.

In a letter dated June 12, 1985, the Board again notified CompCare that it only would issue an "initial determination" on CompCare's application by June 28, 1985. After CompCare representatives met with the Board to protest the Board's treatment of the application, the Board issued its staff analysis which it now called its "initial determination" in a letter dated June 26, 1985. Prior to this, the staff analysis was given by the Board to applicants who were preparing for the evidentiary hearing during the 120 day review cycle.

After June 28, 1985, CompCare demanded that the Board issue its approval of CompCare's application pursuant to 410

I.A.C. 20.1–2–3(d)(4). When the Board refused, CompCare initiated a mandate action to compel the Board to perform the ministerial task of approving the application. The trial court granted summary judgment and an order of mandamus in CompCare's favor. Thereafter, the Board perfected this appeal.

## ISSUE

Did the Board have a clear legal duty to issue a final determination to CompCare after the 120 day review period expired?

## DISCUSSION AND DECISION

■ The Board's properly promulgated regulations provide as follows:

"(3) Each review shall take no longer than 120 days from the date on which the application is deemed complete to the date on which the state board issues a determination on the application. A project may exceed a 120 day review period if the applicant submits a written request for an extension of time.

"(4) Failure of the state board to make a determination on an application upon the expiration of the applicable review period, unless a written request for extension of time has been submitted by the applicant, shall be considered an approval of the application."

410 I.A.C. 20.1–2–3(d)(3) and (4). The Board argues that these regulations do not require a final determination but only an "initial" determination within the 120 day review period. We are not persuaded by their argument when the regulations are read in conjunction with the statutory provisions which discuss a "final determination". *E.g.*, Indiana Code section 16–1–3.3–4(a).

We reject the Board's argument that the statutory amendments of 1985 change this interpretation. Acts 1985, P.L. 139, which amended the Health Planning Act, contains no provisions which effectively repeal the automatic approval regulation embodied in 410 I.A.C. 20.1–2–3(d)(4). Since the Board never rescinded or amended this regulation pursuant to the Indiana Administrative Adjudication Act, Indiana Code section 4–22–2–6, the Board cannot circumvent its own regulations which have the force of law. Indiana Code section 16–1–3–15; *Gallagher v. Marion County Victim Advocate Program, Inc.* (1980), Ind.App., 401 N.E.2d 1362, 1368, *trans. denied.*

■ The Board's claim that the trial court lacked jurisdiction in this suit because CompCare failed to exhaust its administrative remedies is meritless. According to 410 I.A.C. 20.1–2–3(d)(4), CompCare had a clear legal right to an approval of its application. *Standard Oil Co. v. Federal Trade Commission* (N.D.Ind.1979), 475 F.Supp. 1261, 1267. There were no longer any administrative steps to be taken. Since the Board had a purely ministerial duty to approve the application, the trial court's order of mandamus was proper. Indiana Code section 34–1–58–2; *State ex rel. Spindler v. Scheiman* (1913), 179 Ind. 502, 101 N.E. 713.

Judgment affirmed.

ROBERTSON, P.J., concurs.

HOFFMAN, J., sitting by designation, concurs.